## WELTNER ET AL. v. THURMOND ET AL.

SPECIAL MASTER COMMISSIONER—DISTRICT COURT COMMISSIONER—
FEES.

1. Section 4541, Revised Statutes of 1899, prescribing a per diem fee for the services of a district court commissioner in probate matters and hearings does not fix or control his compensation or that of a special master commissioner for taking the evidence, making findings and reporting the same in a cause or proceeding brought in the district court under the code of civil procedure.

2. A special master commissioner appointed to take the evidence in a cause and report conclusions of fact and law is entitled to such compensation as the court shall deem just and proper, and it should be an amount which is reasonable in view of the services rendered.

3. A wide discretion is vested in the district court in allowing compensation to a special master commissioner, and to disturb its judgment in such matter a clear abuse of discretion should appear.

4. The value of the property involved, and the legal knowledge and skill required to conduct the proceedings properly and fairly, and to consider and pass upon the questions of fact and law involved, are matters to be taken into consideration in fixing the compensation of a special master commissioner for taking evidence and reporting conclusions of fact and law. Such compensation is not necessarily to be measured by the standard of judicial salaries paid in the state.

5. Upon the facts an allowance of $500 as compensation to a special master commissioner appointed to take evidence and report conclusions of fact and law in a cause held not to be excessive.

[Decided December 24, 1908.]                    (98 Pac. 601.)
[Rehearing denied March 10, 1909.]             (99 Pac. 1128.)

ERROR to the District Court, Sheridan County, HON. DA-
VID H. CRAIG, Judge.

In an action brought by John D. Thurmond against John C. Weltner and Frederick H. Weltner a special master commissioner was appointed to take the evidence and report conclusions of fact and law. From an order entered in

the cause fixing the commissioner's compensation the defendants prosecuted error. The facts are stated in the opinion.

*Stotts & Blume,* for plaintiffs in error.

Our contention is that the compensation of the special master is governed by Section 4541, and that any higher allowance or contract therefor is contrary to public policy and void, for the reason that such compensation cannot exceed the amount allowed by law. (15 Ency. Law, 964; 16 Cyc., 432; Ryce v. Osage, 87 Ia. 558; Gilmore v. Lewis, 12 O. 281; Schnadt v. Davis, (Ill.) 57 N. E. 652; Roby v. Chicago &c. Co., (Ill.) 62 N. E. 544; Bank v. Tamajo, 77 N. Y. 475.) The compensation allowed was excessive. It should in no event be higher than the amounts allowed to judges. (*In re.* Holdrom, (Mont.) 25 Pac. 438; Middleton v. Bankers &c. Co., 32 Fed. 524; Engine Co. v. Potter, (Ill.) 71 N. E. 939.) The order allowing the compensation is appealable. A similar order is one for the payment of costs before judgment, and that is held to be appealable. (Cleveland v. Burnham, 60 Wis. 16; Sutton v. Wegner, 72 Wis, 294; Sanborn v. Perry, 86 Wis. 361.) Also an order confirming refusal of clerk to tax costs. (State v. Reesa, 57 Wis. 422.) An order allowing compensation of a receiver or other officer, and ordering payment of money. (Grant v. Los Angeles, 116 Cal. 71; Grant v. Court, 106 Cal. 324; Ogden v. Bear Lake, 18 Utah, 279; Bank v. Bank, 103 Wis. 39; Bank v. Bank, 127 N. C. 432; *In re.* R. R. Co., 124 Fed. 727; Stillman v. Hart, 126 Fed. 359; *In re.* Currier Est. (Colo.) 74 Pac. 340; Boyd Co. v Arthur, (Ky.) 82 S. W. 613; Strull v. R. R. Co., (Ky.) 76 S. W. 181; *In re.* Sullivan Est., (Wash.) 78 Pac. 945; Cobb v. Rhea, (N. C.) 49 S. E. 161; Trust Co. v. R. R. Co., (N. Y.) 70 N. E. 925; *In re.* Lamona Est., 29 Wash. 394; Treadwell v. Treadwell, 134 Cal. 158; Mesnager v. De Leonis, 140 Cal. 402.) The commissioner is properly made a party defendant in error. (Foreman v. Ward, 2 Kan. App. 739; Yerkes v. McGuire, 54 Kan. 614.)

*Lonabaugh & Wenzell,* for defendant in error Thurmond.

The order allowing the compensation is not appealable, being interlocutory only. There is no authority for making the commissioner a party. The evidence clearly shows the reasonableness of the amount allowed. In allowances of this kind courts should neither be extravagant nor niggardly; the allowance should be liberal and will not be disturbed unless it appears that it is grossly extravagant.

*E. E. Enterline,* one of the defendants in error, appearing in person.

The commissioner is not a proper party to the proceedings in error. The order allowing the compensation was interlocutory and is not appealable. (Fiedeley v. Diserens, 26 O. St. 312; 4 Bull. 294; 12 O. C. C. 19; 8 O. Dec. 22.) In this case there is nothing showing that final judgment has been entered in the cause, and if an interlocutory order fixing the amount is not reviewable then the petition in error should be dismissed. The record in this case is incomplete for the failure to bring into it the pleadings, evidence and the findings reported by the special master, and it appears from the bill of exceptions that the compensation was fixed upon consideration by the court of the stipulation between the parties, the pleadings in the case, the evidence, and the opinion and findings of the commissioner.

Section 4541, Revised Statutes 1899, has no application to the compensation of a special master. That section refers to fees of district court commissioners and does not cover even as to that officer the report of conclusions of fact and law. In view of the fact that the statute does not prescribe the compensation no good reason exists why the parties may not stipulate for the fixing of the compensation by the trial judge. The allowance was not excessive. The standard of judicial salaries is not necessarily to be followed in fixing a commissioner's compensation. (Finance Com. v. Warren, 82 Fed. 525.) It would not seem a just rule to require a commissioner's compensation to be allowed

according to some fixed standard, but in every case it ought to depend upon the nature of the litigation, and the amount of labor to be performed.   (16 Cyc. 433.)

POTTER, CHIEF JUSTICE.

This is a proceeding in error for the reversal of an order allowing compensation to the defendant in error, E. E. Enterline, as special master commissioner appointed to take the evidence and report conclusions of fact and law in a cause wherein the defendant in error, John D. Thurmond, was plaintiff, and the plaintiffs in error were defendants.   The main cause is also here on error and is this day decided.   (Weltner et al. v. Thurmond.)

The action in which the order complained of was made was brought by Thurmond upon a contract between the parties by which, in consideration of a deed executed on the same date by Thurmond to J. C. and F. H. Weltner, conveying certain described lands in payment of two mortgages upon said premises, it was agreed that "in case said property sells for more than enough to pay off the claim of" the grantees, including principal, interest, insurance, taxes and other legal and legitimate expenses, then all sums of money in excess thereof shall be paid to the grantor.   The contract is set out in full in the opinion in the main case.

The plaintiff alleged that the deed was executed to secure the indebtedness and in trust to sell the premises and apply the proceeds as agreed in the contract, and we have decided that the property was conveyed in trust for the purpose stated in the contract and have upheld the right of the plaintiff below to have the trust enforced, the defendants having refused to comply with the agreement and repudiated the trust.   The defendants claimed that they received an absolute title and that the plaintiff had no further interest in the land or proceeds.   The suit involved property of the value of $36,000, against which the defendants were found and adjudged to have a claim of less than $6,000.   The evidence was taken before the special master, which he reported to the court together with his conclusions of fact

and law and the conclusions were approved and judgment rendered accordingly.

The appointment of the special master commissioner was made pursuant to an agreement of the parties and they stipulated in writing that the compensation for the master's services shall be such as may be fixed by the presiding judge of the court; that such compensation shall be paid at such time by the parties as may be fixed by an order made and entered by the said judge either within or without the district; that such order may be made immediately after the special master commissioner makes his report and findings, or at any time thereafter, and that such compensation shall be ultimately taxed as costs in accordance with the statute, and in accordance with. the final judgment rendered in the case. The part of the stipulation allowing the order to be made without the district is explained by the fact that the judge of a different district was called in to hear and decide the cause. It appears that the taking of the evidence occupied two days, that it was taken by a stenographer and afterwards extended whereupon written briefs were submitted to the special master. That within two weeks thereafter the report of the evidence and the findings of fact and law were filed. Upon considering the questions and the amount involved in the case the presiding judge made and entered an order allowing the sum of $500 as the compensation for the special master commissioner.

The defendants, plaintiffs in error here, thereupon filed a motion to set aside, vacate and modify said order upon the ground generally that the compensation allowed is illegal and excessive. It is contended that the statute fixes the compensation and that, therefore, the stipulation was void. Evidence was offered on behalf of each party in the form of affidavits of attorneys practicing in the district where the cause was pending as to the reasonableness of the compensation allowed, counsel for defendants being the only ones deposing that the amount allowed is

unreasonable or excessive, while seven others say by their several affidavits that it is reasonable and not excessive. The motion to vacate the order was overruled.

It is contended on behalf of defendants in error that the order fixing and requiring the payment of the compensation is not appealable, and that the special master commissioner is not a proper party. Without deciding or considering either of those questions we have concluded to determine the case upon the merits, for we are convinced that the objections to the order are not well taken. The statute provides that a master commissioner, or special master commissioner, shall be allowed such fees as are allowed for similar services to other officers. (Rev. Stat. 1899, Sec. 3679.) The only other officers referred to in the statutes as liable to be called upon to perform duties similar to those performed by the special master in this case are district court commissioners and referees. It is provided with respect to the compensation of referees that they "shall be allowed such compensation for their services as the court deems just and proper, which shall be taxed as part of the costs in the case." (Id. Sec. 3673.)

In the statute providing for the appointment of district court commissioners it is provided that their fees shall be fixed by the district court in which their services are rendered and shall be taxed as costs. (Id. Sec. 3335.) The preceding section enumerates the powers of the commissioner "in respect to every suit or proceeding pending in the district court of the county for which he was appointed," among which is the specified power "to take evidence and make findings, and report the same to the district court." (Id. Sec. 3334.) The provision as to fees in Section 3335 has undoubted reference to services rendered pursuant to the powers conferred by Section 3334, and must be held to govern the fees for services of the character here in question, unless there is some other provision of the statutes more definitely fixing them. It is contended that such a provision is to be found in Section

4541. That section is contained in another general division of the Revised Statutes of 1899, which relates to estates of decedents, guardianship, and probate procedure, in reference to which the commissioner, as well as the district judge, is authorized to make and enter orders and perform certain other specified duties, in respect to some of which duties, viz.: the examination and approval of the bonds of executors and administrators, the examination of any inventory, sale bill, and account current, the condition of an estate generally, in doing which he may compel parties to appear and testify and is required to report his finding upon the matter referred to him, it is provided that he shall be allowed such compensation as may be fixed by law, to be taxed as costs against the estate. (Id. Sec. 4537.) Section 4541 provides that in performing the duties "prescribed by this division" the commissioner shall receive for attending any matter five dollars per day for the time actually employed in hearing the same. In the original act from which this provision is taken as well as the other provisions in the same general division relating to the duties and powers of the commissioner in probate matters, the per diem fee stated in Section 4541 is fixed for the performance of "the duties prescribed upon him by this act." (Laws 1890-91, Ch. 27 of Gen. Ch. 70, Sec. 3.)

It is clear both from the original acts and the statutes as revised that Section 4541, which expressly refers to duties performed in probate matters and hearings, does not apply or fix the compensation of such officer for taking evidence, making findings and reporting the same in a suit or proceeding like the one in which the services in question were performed. There is not, therefore, any prescribed standard in the statute upon which to base the compensation to be allowed for services such as were rendered by the special master in this case, except that it shall be such as the court deems just and proper, which provision is found in the statute relating to referees. Hence the stipulation seems to have authorized the proceeding contemplated by the statute.

A wide discretion is thus vested in the court by statute, and to disturb his judgment· in the premises a clear- abuse of discretion should appear. The compensation to be allowed in any such case should be an amount which is reasonable in view of the services rendered. (24 Eng. & Am. Ency. L. 237.) In Finance Committee v. Warren, 82 Fed. 525, it was said with reference to the amount of a master's compensation: "A master in chancery occupies a position of responsibility and of trust. * * His compensation should be measured accordingly. He should be remunerated for the actual work done, and the time employed, and the responsibility assumed. The amount of compensation should be fixed with due regard to the magnitude of the interests involved, and to the responsibility of the position. The amount of such compensation, while it should be reasonable, and perhaps liberal, should not be exorbitant." The learned court was there considering services rendered by a master in the sale of property. In the case at bar another element enters into the question, namely, the legal knowledge and skill required to conduct the proceedings properly and fairly, and to consider and pass upon the questions of fact and law involved, and thus assist the court in finally disposing of the case. The value of the property involved is an important consideration, since the responsibility assumed is measured somewhat thereby, as well as the character of the questions to be considered.

It is here argued that the compensation should be measured by the standard of judicial salaries paid in the state. We agree with the court in the case above cited that such a rule is not necessarily a proper or reasonable one. As said in that case such salaries "are not infrequently meager." A prescribed judicial salary for services rendered throughout the year and for a fixed term does not appear to us to be a necessary standard for compensation for an occasional service in a judicial capacity.

It may be assumed that the one appointed special master by agreement of counsel, was selected for this service be-

cause of his recognized ability and high standing as a lawyer. Although it is not before us, except by way of extracts in the briefs of counsel, we understand that he wrote an exhaustive opinion covering the essential points in the case, which must have materially aided the court in rendering judgment.

We do not think that the court, in determining the matter of compensation, was bound by the testimony of the expert witnesses, although it was competent to receive and consider the same as an aid in reaching a conclusion as to a just and proper allowance; and upon a question of this kind where the service rendered has required professional knowledge, skill and care, the evidence of those presently familiar with the value of professional services is entitled to much consideration, and ought not ordinarily to be lightly disregarded. In view of the evidence of that character in this case, and the other matters which we have indicated should be taken into account, we are of the opinion that though the compensation allowed appears to be liberal it is not so large as to show an abuse of discretion on the part of the trial court. The judgment will, therefore, be affirmed.

BEARD, J., concurs.

SCOTT, J., did not sit.

### ON PETITION FOR REHEARING.

SCOTT, JUSTICE.

This case was decided at the present term of this court. (98 Pac. 601.) Plaintiffs in error have filed their petition for a rehearing. No new question has been presented in the brief or argument which was not considered in the opinion filed. The opinion discussed thoroughly all questions sought to be raised by the petition. The court adheres to the views expressed in the former opinion. The writer did not participate in that decision, but upon examination of the questions involved fully concurs in that decision.                          *Rehearing denied.*

POTTER, C. J., and BEARD, J., concur.