**Robert R. DOELLE, Appellant,**

v.

**IRECO CHEMICALS, a Utah corporation, and Intermountain Research & Engineering Co., Inc., a Utah corporation, Appellees.**

**No. 9537.**

United States Court of Appeals
Tenth Circuit.

March 21, 1968.

---

Parker M. Nielson, Salt Lake City, Utah (Adam M. Duncan, Salt Lake City, Utah, on brief), for appellant.

C. Keith Rooker, Salt Lake City, Utah (Leonard J. Lewis, Salt Lake City, Utah, on brief), for appellees.

Before BREITENSTEIN, SETH and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

Appellant Doelle, a stockholder with option rights, filed a complaint based upon Sections 10(b) and 29(b) of the Securities Exchange Act of 1934 (15 U.S.C.A. §§ 78j and 78cc) and Rule 10 b–5 (17 C.F.R. § 240.10b–5) which was promulgated under Section 10(b) of the Act. The claim is made against appellees, Ireco Chemicals and Intermountain Research, the former being a successor corporation. The basis of the trial court's judgment for the appellees was the jury's answers to special interrogatories.

The primary issue is whether under the evidence adduced at the trial the jury determined that appellees had neither violated the prohibition of Rule 10b–5 in the sale of stock to Doelle nor in the re-purchase of the stock upon termination of Doelle's employment. Related to the primary issue is the question of admission of oral evidence tending to show the understanding of the parties prior to and at the time of the sale, and appellant's contention that special interrogatory No. 2 erroneously placed a burden on him to refute the oral evidence.

It is further contended that the trial court determined the statute of limitations was not applicable. We carefully examined the record and concluded the trial court did not pass on the statute issue because the jury determined the case without reference to the statute of limitations.

Appellees were both founded in the State of Utah by associates in the University of Utah. Doelle, a student, was

a part-time employee of Intermountain. During the course of his employment Doelle was offered and he purchased 54 shares of Intermountain stock. Appellees contend an oral understanding which existed at the time of the sale was to the effect that the stock would be re-purchased at book value when Doelle's employment terminated. The 54 shares of stock were paid for by Doelle, however, he did not receive the shares of stock.

Some time later Intermountain's officers, directors and major stockholders of the corporation entered into a written agreement with Doelle and other employees acknowledging the shares purchased and permitting them to acquire stock option rights which were paid for out of salary withholdings. Evidence of Doelle's withholdings establish his right to 306 additional shares of stock. The agreement further provided that a two-thirds majority of the stockholders' consent would be required before the optional stock could be issued. The president of the corporation held at least one-third of the shares at the time the agreement was executed by all the parties.

In August, 1958, Doelle was granted a "leave of absence" for a year or two and he subsequently went to South Africa. When Intermountain was led to believe that Doelle was engaging in activities in South Africa which were contrary to the interests of the corporation, Doelle's employment with Intermountain was terminated and a decision was made by the officers who held more than 50% of the voting stock to cancel Doelle's stock options and to re-purchase his 54 shares. Doelle was not given notice that a meeting was to be held and now contends that he had no knowledge of the conversion of his stock and his option privilege. Appellant returned to the United States in August, 1964, but did not contact the corporation until the fall of 1965. This action was filed on June 15, 1966.

Doelle does not seek the enforcement of an obligation created by a written instrument, but charges the use of manipulative or deceptive devices to defraud. It is Doelle's contention that appellees sought to defraud and deceive him by a scheme under which they would unilaterally convert or re-purchase Doelle's stock in the corporation and cancel his stock credits. The record discloses that in discussing the instructions with the court appellant stipulated " * * * the misrepresentation was a continuing fraud from the day they sold him the stock and the day they sold him the options, because they intended at all times to cancel him out, and they never told him they intended to."

Under his theory of the case, Doelle had the burden of establishing a duty and a breach of duty; therefore, evidence of what transpired regarding Doelle's interest, between the parties, from the inception of their business relations to the time of trial was essential to satisfy the burden of complainant under the applicable statutes. When the appellees negated the duty by evidence that the re-purchase of the stock and cancellation of the option rights were authorized by a pre-sale oral understanding that the stock would be re-purchased at the time employment was terminated, it evolved on appellant to refute the negation.

The court submitted the conflicting evidence to the jury in the form of special interrrogatories to be answered in the verdict.

Special interrogatory No. 1 asked:

"1. Do you find by a preponderance of the evidence that in connection with the sale of securities the defendant used a scheme to defraud or engaged in an act, practice or course of business designed to operate or which did operate as a fraud or deceit upon plaintiff, or made any untrue statement of material fact or omitted to state any material fact necessary in order to make the statements actually made not misleading?"

Although the jury answered the above interrogatory in the negative, Doelle contends the trial court erroneously held that the provisions of the Securities Exchange Act of 1934 are not available to purchasers of securities as well as sellers of se-

curities. We do not agree. It has long been settled that Section 10(b) and Rule 10b–5 may be the basis of a civil action by a buyer against a seller, as well as a seller against a buyer in a security transaction. Stevens v. Vowell, 343 F.2d 374, 379 (10th Cir. 1965). Nothing in the record indicates the trial court followed any other view and the interrogatory presented is not susceptible to the interpretation appellant would place upon it.

The second interrogatory asked:

"2. Do you find by a preponderance of the evidence that the defendant did not tell plaintiff and that plaintiff did not know on or before August 15, 1958, that plaintiff would have to sell to defendant upon termination of his employment at book value any stock theretofore acquired by him and relinquish stock credits for the amount paid by him with interest?"

The jury likewise answered this interrogatory in the negative. However, appellant complains that the interrogatory imposed upon him the burden of proof in refuting and rebutting the appellees' evidence of the oral understanding. The interrogatory stated the issue and did not shift the burden to appellant to do more than prove his case under the applicable law.

The oral evidence admitted to prove the understanding prior to the sale of the stock is challenged as being a violation of the parol evidence rule. The record establishes unequivocally that this action is in the nature of a tort action. "It has been held that the parol evidence rule applies only where the controversy is of a contractual nature. Thus, it has been held that the parol evidence rule has no application where the action is in tort for inducing a party to enter into the writing." 32A C.J.S. Evidence § 859 (1964). "The parol evidence rule applies only where the enforcement of an obligation created by the writing is substantially the cause of action." 30 Am.Jur.2d Evidence § 1042 (1967).

The parol evidence rule is not applicable in this case; therefore, the evidence which sustained the jury's answers to the interrogatories determined the claim against Doelle.

Affirmed.