Darrell W. JENSEN, Appellant,

v.

Claude W. VOYLES, Appellee.

No. 9612.

United States Court of Appeals
Tenth Circuit.

April 1, 1968.

* Senior Circuit Judge of the D.C. Circuit, sitting by designation.

Thomas R. Blonquist and Richard C. Cahoon, of Burton, Blonquist, Cahoon, Matheson & Shaffer, Salt Lake City, Utah (Adam M. Duncan, Salt Lake City, Utah, of counsel, on the brief), for appellant.

John W. Lowe, Salt Lake City, Utah (Graves, Dougherty, Gee & Hearon, Austin, Tex., and Brayton, Lowe & Hurley, Salt Lake City, Utah, on the brief), for appellee.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The district court granted summary judgment dismissing an action brought by appellant-plaintiff Jensen under Rule 10b–5 of the Securities and Exchange Commission.[1] Plaintiff was a buyer of stock in Pacific Fidelity Corporation, formerly Petroleum Recovery Corporation, on the open market. He claims that he was induced to buy the stock by the material misrepresentations of appellee-defendant Voyles. The district court held that the action was an impermissible derivative action and that no representation was made "in connection with the purchase or sale of any security."[2]

Defendant conveyed to Pacific all the stock of Capital City Country Club of Austin, Texas, in return for a block of Pacific stock. Pacific acted on defendant's representation that the Country Club property was unencumbered. Actually it was subject to a $140,000 lien in favor of defendant. When Pacific discovered the encumbrance, it sued defendant and a settlement was made whereby the transaction was rescinded and defendant returned to Pacific the stock which he had received.

Plaintiff was a stockholder in Pacific prior to the acquisition of Country Club. While Pacific held Country Club, Collard as president of Pacific sent to Pacific stockholders, including plaintiff, a report of a stockholders' meeting which mentioned the acquisition of the unencumbered Country Club property. After that report and before the rescission of the transaction, plaintiff acquired on the open market additional Pacific stock for which he paid over $14,000. None of the stock was obtained from either defendant or Pacific.

Plaintiff seeks to recover for the diminution in value of his stock. To avoid the defense that the action is derivative, he relies on the loss incurred on the stock bought after the Country Club acquisition and says that such loss resulted from the fraud of defendant.

1. 17 C.F.R. § 240.10b–5, adopted under the authority of the Securities and Exchange Act, 15 U.S.C. § 78j(b).

2. For Rule 10b–5 to operate it is necessary that the acts there forbidden be made "in connection with the purchase or sale of any security."

■ Although a stockholder may not recover in his own right for an injury to the corporation which causes a depreciation in value of his shares,[3] the majority rule permits a stockholder who has been individually injured to sue in his own right even if the corporation is also injured.[4] Here Pacific has been made whole by the rescission of the Country Club transaction and no claim is made that the corporation suffered any loss by reason thereof.

■ The Tenth Circuit is committed to the view that Rule 10b–5 protects defrauded buyers as well as defrauded sellers.[5] The issue is whether the alleged misrepresentations occurred in connection with the purchase of a security.

As permitted by Rule 12(b), F.R.Civ. P., the district court treated the motion to dismiss as a motion for summary judgment and considered matters outside the record. In support of his motion to dismiss the original complaint, defendant submitted an affidavit in which he said that he did not know the plaintiff, that he had not communicated with the plaintiff, that he had sold plaintiff no stock, and that he had no knowledge that plaintiff was acquiring, or was interested in acquiring, stock in Pacific. The affidavit was not controverted. The original complaint was dismissed and an amended complaint met the same fate. The defendant answered the second amended complaint and incorporated in his answer the defense that the complaint did not state a claim. When the case was called for trial, defendant renewed his motion to dismiss. The plaintiff at no time sought to present any pertinent material as permitted by Rule 12(b).

■ The plaintiff now argues that summary judgment was improper because there was a genuine issue of material fact. To establish such an issue he relies on allegations of the complaint that defendant induced plaintiff to buy Pacific stock by allowing distribution of the mentioned report which contained material ⸱misrepresentations. We have held that pleadings do not create a fact issue when opposed to positive contrary statements contained in affidavits supporting a motion for summary judgment.[6]

The complaint has no allegation that the report was made and distributed to manipulate the market or to induce open market purchases. The report refers to an increase in the capitalization of Pacific and says that "the sole purpose of the increase in capitalization was for the company to acquire additional assets with its capital stock," and that "the stock is to be used to purchase diversified properties which are income producing * * *." The report makes no mention of the sale of the new stock for cash. No claim is made that during the period when plaintiff made his purchases either defendant or Pacific sold any Pacific stock.

■ In the circumstances we are convinced that the false representation attributed to the defendant was not made in connection with the purchase of the stock by plaintiff and, hence, no action may be maintained under Rule 10b–5.

Affirmed.

3. Boatright v. Steinite Radio Corp., 10 Cir., 46 F.2d 385, 388.

4. Compare Bookout v. Schine Chain Theatres, Inc., 2 Cir., 253 F.2d 292, 295; Peter v. Western Newspaper Union, 5 Cir., 200 F.2d 867, 872; and Elster v. American Airlines, Inc., 34 Del.Ch. 94, 100 A.2d 219, 222; with Hirshberg v. Appel, 266 Mass. 98, 164 N.E. 915.

5. Doelle v. Ireco Chemicals, 10 Cir., 391 F.2d 6.

6. Roane v. United States Fidelity & Guaranty Co., 10 Cir., 378 F.2d 40, 42. See also Rule 56(d), F.R.Civ.P.