**Lallie E. EDMONDS, a/k/a Lallie E. Fogleman and Ralph B. Edmonds, Appellants (Defendants below),**

v.

**Charles L. GALEY and Frances M. Galey, Appellees (Plaintiffs below).**

**No. 3692.**

Supreme Court of Wyoming.

Sept. 16, 1969.

Leonard McEwan, Sheridan, (on the brief), Robert E. Holstedt, Sheridan, for appellants.

Richard M. Davis, Jr., David B. Kennedy, Sheridan, for appellees.

Before GRAY, C. J., and McINTYRE and PARKER, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

The appeal before us involves an action for specific performance. Charles L. Galey and Frances M. Galey (plaintiffs) purchased land from Lallie E. Edmonds and Ralph B. Edmonds (defendants) under an agreement for warranty deed. The action requires an interpretation of the following provision which was contained in the sales agreement:

"For and in consideration of the further sum of $1.00 to them in hand paid by the Buyers, the receipt and sufficiency of which is hereby acknowledged, the Sellers do hereby covenant and agree that if they ever move from the premises now owned by them joining the lands sold hereunder, that at the time of removal from such premises or termination of ownership, either by gift, bequest or sale, the Buyers shall have the first right to purchase the property owned by the Sellers, such right to be after notice given unto the Buyers in writing of the purchase price for such property, and after delivery of the notice of the amount asked for such property, the Buyers shall have thirty (30) days within which to accept the proposed price, and if he accepts it then the Buyers upon payment of the purchase price in full shall be entitled to a clear and merchantable title by Warranty Deed of the premises sold. If the Buyers reject the price at which the property is offered to them, then the Sellers may be free to offer the same for sale to any third persons without any liability or obligation to the Buyers."

Upon trial of the case to the district judge without a jury, the court ordered defendant-Edmondses to convey the additional lands to the Galeys upon payment of $7,000. Defendants have appealed asserting, among other things, (1) that the right to purchase provision is too uncertain and

ambiguous to be enforcible; and (2) that the court erred when it denied defendants the right to show that a deed from Mrs. Edmonds to a daughter was in fact a trust.

### Ambiguity of Provision

The contention concering ambiguity of the agreement presents a most perplexing problem. The broad sweep of events which the language of the agreement endeavors to reach in order to ripen into what is described as a "first right to purchase," as far as we can determine, is not the type of agreement ordinarily used in granting to a proposed buyer a first right of purchase or first refusal; and little concrete guidance is furnished in the authority brought to our attention by the briefs and arguments of counsel for the parties, or as a result of our own research. For such reason and the further reason that we have concluded the judgment of the trial court must be reversed on other grounds and remanded for new trial, we consider solution to the problem at this time unnecessary and will not attempt to fully resolve the problem of ambiguity.

For purposes here, it will be assumed, without so deciding, that the provision of the agreement above set forth was at least sufficient to constitute a right of "preemption" or of "first refusal," which required the defendants when and if they decided to sell the property to offer it first to plaintiff at the proposed price for which they had determined to sell. In re Rigby's Estate, 62 Wyo. 401, 167 P.2d 964, 967–968.

### Parol Evidence Rule

The record in the case before us reveals that Mrs. Edmonds divorced her husband, defendant Ralph B. Edmonds, after the contract here involved had been entered into. The parties were remarried at the time of plaintiffs' action, however. In the meantime, while the parties were divorced, Mrs. Edmonds gave a deed for the property to her daughter. Later, the daughter and her husband reconveyed the property back to the mother. The deed of reconveyance was recorded prior to the initiation of plaintiffs' action.

One of the theories advanced by plaintiffs in this action was that Mrs. Edmonds had terminated ownership when she gave a deed to her daughter and that Galeys therefore had a right to enforce their first right of purchase.

At the trial, Mrs. Edmonds was asked why she conveyed the property to her daughter; whether her daughter had paid any money to her for the conveyance; whether the daughter was a trustee; whether Mrs. Edmonds still considered the property to be her home and her property. Objections were made to all of these questions on the ground that they were incompetent, irrelevant and immaterial. With respect to whether the daughter had paid any money, there was the added objection: "The record speaks for itself." All of these objections were sustained and testimony concerning such matters was excluded.

The daughter was asked at the trial if she had an agreement with her mother as to the nature of the title to the property. Objection was again made and the objection was sustained. Attorney for defendants thereupon made an offer of proof. It was to the effect that, if the witness were allowed to testify, she would disclose that the property was conveyed to her as trustee subject to her mother's wishes; and that as soon as her mother asked her to convey the property back to the mother she did so.

The theory of the trial judge, as we understand it, was that the deed from Mrs. Edmonds to her daughter speaks for itself and must be taken to be what it purports to be on its face; and that the effect of the deed could not be altered by parol evidence.

■ We think the theory adopted and followed by plaintiffs and by the trial judge was erroneous because, even if the deed from Mrs. Edmonds to her daughter was an ordinary deed on its face, it could be considered a conveyance in trust if the parties thereto so intended.

On the question of whether a conveyance purporting on its face to convey a fee may be shown by parol evidence to have been intended as creating a trust in the grantee, when a cause of action is based directly on the deed, there is some split of authority. For example, the North Carolina case of McCullen v. Durham, 229 N.C. 418, 50 S.E.2d 511, 516–517, holds that this cannot be done. On the other hand, the prevailing rule seems to be to the contrary. See Suburban Home Mortg. Co. v. Hopwood, 83 Ohio App. 115, 81 N.E.2d 387, 390; Hill v. Irons, 160 Ohio St. 21, 113 N.E.2d 243, 247; Jose v. Pacific Title and Porcelain Co., 251 Cal.App.2d 141, 58 Cal.Rptr. 880, 882; Hansen v. Bear Film Co., 28 Cal. 2d 154, 168 P.2d 946; and Haws v. Jensen, 116 Utah 212, 209 P.2d 229, 232.

Briefs of the attorneys are not helpful on this question. Defendants rely on recognition of the rule by this court in Larsen v. Sjogren, 67 Wyo. 447, 226 P.2d 177, 185, that a stranger to a contract cannot invoke the parol evidence rule. However, see the earlier decision of this court in Natrona Power Co. v. Clark, 31 Wyo. 284, 225 P. 586, 589.

On the other hand, plaintiffs rely upon Restatement, Trusts § 38(1) (1935), but they fail to show how that particular section is applicable to the circumstances of this case. The section relates to an instrument in which it is declared that the transferee is to take the property for his own benefit. In the deed we are concerned with there was no express declaration that the grantee took the property for her own benefit. A more applicable section would be § 38(3) which states:

"If the owner of property transfers it inter vivos to another person by a written instrument in which it is not declared that the transferee is to take the property for his own benefit or that he is to hold it in trust, extrinsic evidence may be admitted to show that he was intended to hold the property in trust either for the transferor or for a third party."

In view of some divergence in view, we do not rely entirely on the rule that, even when a cause of action is based directly on the deed, a conveyance purporting on its face to convey a fee may be shown by parol evidence to have been intended as creating a trust in the grantee. In this case, plaintiffs' action is based upon the agreement for warranty deed. The deed passing from Mrs. Edmonds to her daughter was introduced by plaintiffs in keeping with their theory that the transaction constituted a sale which ripened plaintiffs' right to purchase, and also fixed the price. In other words, the deed was used as collateral evidence to the ultimate issue involved.

With respect to this, it was said in Lunnie v. Gadapee, 116 Vt. 261, 73 A.2d 312, 313:

" * * * But the parol evidence rule, like most things, has its exceptions. It does not apply where the writing is collateral to the issue involved, and the action is not based on such writing. To state it another way, the parol evidence rule applies only where the enforcement of an obligation created by the writing is substantially the cause of action. [Authorities cited.] "

See also Peek v. Wachovia Bank & Trust Company, 242 N.C. 1, 86 S.E.2d 745, 754; and Doelle v. Ireco Chemicals, 10 Cir., 391 F.2d 6.

Other errors have been assigned and argued by appellants, but we think they do not present questions which will cause difficulty when the case is retried. As we have already indicated, the case must be reversed and remanded for new trial.

Reversed.

McEWAN, J., not participating.

Mr. Justice PARKER, concurring in the result.

The judgment of the trial court must receive its basic test in a determination of whether or not it was correct in saying "the first right of refusal granted to Plaintiffs in the Agreement for Warranty Deed is enforceable." Viewed abstractly as of the date of the agreement, October 22, 1964, the right to purchase contained in para-

graph eleven would seem to be so uncertain and ambiguous as to render it unenforceable. Not only are the words "move from the premises" indefinite and subject to more than one interpretation but more confusing is the phrase "termination of ownership, either by gift, bequest or sale." This latter appears to be so contradictory in terms as to be entirely meaningless. For example, it could scarcely be assumed that defendants under any circumstances could have intended to make a gift of the real property to plaintiffs, yet under a literal interpretation of the mentioned phrase if the defendants made a move to give the property to anyone other than plaintiffs they would have been required to *give* it to plaintiffs. Even if a less literal construction of the phrase were to be adopted so that defendants before they could make a gift or a so-called bequest to anyone would be required to sell it to plaintiffs, the price would be left so indefinite as to create a serious doubt as to the agreement's validity. This court has held that incompleteness and uncertainty in a contract to convey land are fatal to a claim for specific performance. Metcalf v. Hart, 3 Wyo. 513, 27 P. 900, 904, 31 Am.St.Rep. 122 (affirmed 3 Wyo. 513, 31 P. 407, 31 Am.St.Rep. 122). However, an adjudication as to the fatality of an ambiguous or indefinite contract may be affected by the subsequent conduct of the parties. Where contracting parties have given it a practical construction by their conduct, such treatment may be considered by the court in interpreting the contract, ascertaining its meaning, and resolving the mutual intentions of the parties at the time the agreement was made. Such conduct is entitled to great weight in determining the interpretation of the instrument. Baker v. Jones, 69 Wyo. 314, 240 P.2d 1165, 1171; Wyoming Abstract & Title Co. v. Wallick, 64 Wyo. 458, 196 P.2d 384, 386; 17A C.J.S. Contracts § 325(1). Considering the acts of the parties in the instant case, the trial court's holding that paragraph eleven of the agreement was enforceable cannot be seriously questioned. In that regard, the evidence concerning the deed to the 2.79

acres by Mrs. Edmonds to her daughter, the letter from the daughter's attorney offering to sell the property to plaintiffs for the sum of $21,000, the deed from the daughter back to Mrs. Edmonds, and the filing of the notice of the first right of refusal by plaintiffs, stating, "whenever the * * * property shall be disposed of by its present owner or owners, whether by gift, bequest or by sale, it shall be disposed of subject to our first right of refusal * * *" (regardless of its legal effect), are pertinent. Thus, I can agree with the prevailing opinion that the trial judge's ruling on parol evidence is pivotal; and I concur in the determination to return the cause so that testimony may be adduced regarding the matter of a trust.