Dorothy FULLER, Appellant (Plaintiff below),

v.

Dennis L. FULLER, Jr., and Vicky M. Fuller, Appellees (Defendants below).

No. 5188.

Supreme Court of Wyoming.

Feb. 8, 1980.

William W. Harden, Casper, for appellant.

Donald L. Painter, Casper, for appellees.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

ROSE, Justice.

This appeal is from a trial to the court and concerns allegations of the plaintiff-appellant, Dorothy Fuller, that she transferred title to 20 acres of real property to her son and daughter-in-law, defendants-appellees, under an oral agreement that they were to return title to her after certain loans had been made and repaid, utilizing the property as security. The record shows the appellees have failed and refuse to re-transfer the land.

The appellant urges the existence of an oral trust which has failed and, in the alternative, that the court impose a constructive trust arising out of the appellees' unjust enrichment. Appellant asks this court to reverse the trial court's dismissal of her suit on that court's motion at the close of the plaintiff's case.

We will reverse and remand for trial.

Before discussing the facts necessary to the disposal of this appeal, it is well to turn to the relevant civil procedure rule as an aid in deciding what evidence Dorothy Fuller is entitled to have this court consider.

*Appellate Consideration of the Evidence*

Rule 41(b)(1), W.R.C.P., relevantly provides:

". . . After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff . . . ."

In a nonjury case, where the court has dismissed the plaintiff's suit at the end of the presentation of his or her evidence, this court is bound to consider the evidence as it would had the court directed a jury verdict. *Arbenz v. Bebout*, Wyo., 444 P.2d 317 (1968). We must view the evidence most favorably to the plaintiff, giving her the benefit of all reasonable inferences which may be deduced therefrom, *Arbenz*, supra.

Where the plaintiff's proof has failed in some aspect, the motion should be granted—where the plaintiff's proof is overwhelming, the motion should be denied. Where the plaintiff has presented a prima facie case based on unimpeached evidence,

the trial judge should not grant the motion even though the judge himself may feel that the plaintiff has not sustained his burden of proof. *Arbenz,* supra; *Kure v. Chevrolet Motor Division,* Wyo., 581 P.2d 603 (1978); and *Angus Hunt Ranch, Inc. v. Reb, Inc.,* Wyo., 577 P.2d 645 (1978).

### Facts Available for Consideration

Under the above authorities, Dorothy Fuller is entitled to our consideration of the following record testimony:

Appellant Fuller was in poor physical and mental health when, on Labor Day weekend of 1977, she met with her children and friends, without the benefit of legal counsel, in an effort to devise a way to discharge her debts. A store which she owned was not doing well—she could not satisfy her creditors—and she was in need of discharging some $23,944.41 of pressing obligations, inclusive of a $10,000.00 mortgage on her failing business.

Dorothy owned some unencumbered real property worth $73,000.00 and a plan was adopted whereby the title to this property would be transferred to the appellees, who would borrow the money to pay Dorothy's debts and, when the loan was paid, the property would be retransferred to Dorothy. There is no evidence that appellees were to receive compensation for services rendered in behalf of Dorothy Fuller. Mrs. Fuller signed the deed, with her son's assurance that he would use the property for the agreed-upon purposes and would retransfer title to her when he could be freed of any personal obligations under the loan arrangements. With title in their hands, the appellees borrowed only $16,892.00, using the property as security, paid $12,160.00 of, but not all of, Dorothy Fuller's debts and utilized $4,632.00 of the borrowed money for their own purposes.

Dorothy Fuller has tendered repayment of the loan obligations, but appellees refuse to retransfer the property. The appellee-son admits that the above was the arrangement when the transfer was effected and he does not contend that he either purchased Dorothy's interest in the land or that it was a gift to him.

### Failure of Oral Trust

The appellant alleges the existence of an oral trust and a failure thereof.

Restatement of the Law, Second, Trusts 2d (1959), provides:

"§ 44. *Effect of Failure of Oral Trust for the Settlor*

"(1) Where the owner of an interest in land transfers it inter vivos to another in trust for the transferor, but no memorandum properly evidencing the intention to create a trust is signed, as required by the Statute of Frauds, and the transferee refuses to perform the trust, the transferee holds the interest upon a constructive trust for the transferor, if

"(a) the transfer was procured by fraud, duress, undue influence or mistake, or

"(b) the transferee at the time of the transfer was in confidential relation to the transferor, or

"(c) the transfer was made as security for an indebtedness of the transferor."

We have held that a trust is an obligation arising out of confidence reposed in a person to apply property faithfully. *Tibbals v. Keys,* 40 Wyo. 524, 281 P. 190 (1929). In *Weltner v. Thurmond,* 17 Wyo. 268, 98 P. 590, 129 Am.St.Rep. 1113 (1908), aff. 17 Wyo. 310, 99 P. 1128 (1909), we said that a trust—in its technical sense—is an obligation on a person arising out of the confidence reposed in him to apply property, faithfully and according to such confidence. A trust, we said in *Scotti's Drive In Rest., Inc. v. Mile High—Dart In Corp.,* Wyo., 526 P.2d 1193 (1974), is a fiduciary relationship in which one person is the holder of title to property subject to an equitable obligation to keep or use the property for the benefit of another. In *Edmonds v. Galey,* Wyo., 458 P.2d 650 (1969), we held that a deed from a mother to a daughter could be considered a conveyance in trust if the parties so intended.

The arrangement before the court in this appeal fits comfortably within the law

of "failure of oral trust," as expressed by Restatement of the Law, Second, Trusts 2d (1959), supra. The transaction comports with that statement of the law in at least two respects—namely, the transferee, at the time of the transfer, was in confidential relationship with the transferor and the transfer was made as security for the transferor. We need not here decide whether the transfer was procured by fraud, duress, undue influence or mistake. Furthermore, the transfer qualifies as a trust under the Wyoming decisions above cited, i. e., *Weltner v. Thurmond*, supra; *Scotti's Drive In Rest. v. Mile High—Dart In*, supra; and *Edmonds v. Galey*, supra.

Accordingly, we hold that an oral trust has failed and appellant is entitled to a retransfer of the property. This could dispose of the matter, except that we choose to observe that appellant's theory of unjust enrichment also is viable.

*Constructive Trust—Unjust Enrichment*

■ Under the undisputed facts of this case, there is a $61,000.00 disparity between the value of the land and the $12,000.00 that the appellees borrowed against it in order to pay the mother's debts. The law finds, in these circumstances, a constructive trust to exist and the defendants to have been unjustly enriched. Scott on Trusts, Vol. V, Third Edition (1967) § 462.2 at page 3417, says that a constructive trust "arises where the retention of property would result in the unjust enrichment of the person retaining it." See also *Liken v. Shaffer*, 8 Cir., 141 F.2d 877 (1944); *Rudenberg v. Clark*, D.Mass., 72 F.Supp. 381 (1947); *Witmer v. Estate of Brosius*, 184 Kan. 273, 336 P.2d 455 (1959); *Mehelich v. Mehelich*, 7 Wash.App. 545, 500 P.2d 779 (1972). We said in *Wantulok v. Wantulok*, 67 Wyo. 22, 214 P.2d 477, reh. den. 67 Wyo. 45, 223 P.2d 1030, 1033 (1950), that equity "abhors unjust enrichment."

We considered this kind of disparity in *McConnell v. Dixon*, 68 Wyo. 301, 233 P.2d 877, 887 (1951), and said:

". . . In 54 Am.Juris., 'Trusts,' 167, Section 218 it is stated: 'A constructive trust, or, as it frequently is called, a trust ex maleficio, ex delicto, a trust de son tort, or an involuntary or implied trust is a trust by operation of law which arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy. It is raised by equity to satisfy the demands of justice.' And in Section 219, page 169 of the same work it is stated: 'A constructive trust is substantially an appropriate remedy against unjust enrichment. It is raised by equity in respect of property which has been acquired by fraud, or where, although acquired originally without fraud, it is against equity that it should be retained by the person holding it.' Pomeroy, Equity, Jurisprudence, Volume 1, Section 155, page 210 states: 'Constructive trusts are raised by equity for the purpose of working out right and justice, where there was no intention of the party to create such a relation. * * * If one party obtains the legal title to property, * * * in any * * * unconscientious manner, so that he cannot equitably retain the property which really belongs to another, equity carries out its theory of a double ownership, equitable and legal, by impressing a constructive trust upon the property in favor of the one who is in good conscience entitled to it, and who is considered in equity as the beneficial owner * * *.' In 3 Scott on Trusts 2317, Section 462.2, the author states: 'A constructive trust, as I have said, is imposed in order to prevent unjust enrichment. This unjust enrichment may arise out of the wrongful acquisition of the title to property * * *. A constructive trust may arise, however, even

though the acquisition of the property was not wrongful. It arises where the retention of the property would result in the unjust enrichment of the person retaining it.' So it is said that to establish such a trust it is not necessary to show intentional fraud. *Tate v. Emery*, 139 Or. 214, 9 P.2d 136. See also *Teuscher v. Gragg*, 136 Okl. 129, 276 P. 753, 66 A.L.R. 143; *Ryan v. Plath*, 18 Wash.2d 839, 140 P.2d 968. See *Cook v. Elmore*, 27 Wyo. 163, 169, 192 P. 824. . . ."

This doctrine, applied to the facts here, brings us unerringly to the conclusion that the appellees have and do retain title to the mother's property through an abuse of confidence, unconscionable conduct, and by questionable means. It is unnecessary for us to speak to the issue of whether or not the property was acquired through fraud. *McConnell*, supra. It is, nevertheless, clear that it is against equity that the property is retained by the appellees. The appellees have—in other words—been unjustly enriched, in which circumstance a constructive trust will be imposed by operation of the law of equity. Therefore, according to the appellant's version of the facts, the appellees hold the legal title for the benefit of the equitable owner appellant-Dorothy Fuller.

Reversed and remanded for trial.