**EMI LIMITED, Plaintiff,**

v.

**William M. BENNETT, et al., Defendants.**

**No. C–79–2146 SC.**

United States District Court, N.D. California.

Oct. 8, 1982.

Valentine Brookes, San Francisco, Cal., for plaintiff.

Charles C. Kobayashi, Deputy Atty. Gen., State of Cal., Sacramento, Cal., for defendants.

## ORDER GRANTING MOTION TO DISMISS

CONTI, District Judge.

This case is before the court on defendants' motion to dismiss for lack of subject matter jurisdiction. The case has a lengthy history. Plaintiff EMI Limited ("EMI"), a United Kingdom corporation that does no business in California, is the parent corporation of Capitol Industries-EMI, Inc. ("Capitol"), a Delaware corporation with its principal place of business in California. Defendants are members of the California Franchise Tax Board.[1] In separate but related actions EMI and Capitol challenged the tax deficiency assessed against Capitol by the Franchise Tax Board. The assessment was made according to California's unitary method. See Cal.Rev. & Tax.Code §§ 25101, 25120–25138. The district court granted summary judgment in both cases in favor of defendants pursuant to 28 U.S.C. § 1341 (anti-injunction statute) on the ground that EMI and Capitol had a plain, speedy, and adequate state law remedy. On appeal, the Court of Appeals for the Ninth Circuit ordered that Capitol's action be dismissed for lack of subject matter jurisdiction. In addition, it reversed the judgment against EMI and remanded for further proceedings. *Capitol Industries-EMI, Inc. v. Bennett,* 681 F.2d 1107 (9th Cir.1982). Pursuant to a suggestion made by the Court of Appeals, *id.* at 1119 n. 31, defendants have now moved to dismiss for lack of standing, and generally for lack of subject matter jurisdiction.

---

1. The current members of the Franchise Tax Board have been substituted as defendants.

EMI alleges that computation of Capitol's tax according to California's unitary method violates the United States Constitution and the United States-United Kingdom Income Tax Convention. No assessment has been made against EMI, only against Capitol. EMI alleges that the assessment injures it because, as majority shareholder, the value of its investment will decrease if Capitol must pay the tax. EMI also alleges that the Franchise Tax Board has requested it to supply certain information and has threatened to assess a penalty against it if it does not.

Although an injury to a corporation may indirectly harm a shareholder by decreasing the value of his shares, that fact does not give the shareholder standing to sue on his own behalf. The primary injury and the primary right to sue are the corporation's; the shareholder may sue, if at all, only in a proper derivative action. *Von Brimer v. Whirlpool Corp.,* 536 F.2d 838, 846 (9th Cir.1976); *Erlich v. Glasner,* 418 F.2d 226, 227–28 (9th Cir.1969); *Papilsky v. Berndt,* 466 F.2d 251, 255 (2d Cir.), *cert. denied,* 409 U.S. 1077, 93 S.Ct. 689, 34 L.Ed.2d 665 (1972); *Jensen v. Voyles,* 393 F.2d 131, 133 (10th Cir.1968). Therefore, EMI's claim of diminution of its investment is not sufficient to confer standing.

EMI also claims that the tax violates the United States-United Kingdom Income Tax Convention. The provisions EMI relies on set forth conditions under which United Kingdom corporations and their subsidiaries may be taxed in the United States. The treaty does not help EMI here. EMI is not being taxed, and the provisions regarding taxation of subsidiaries create rights, if at all, only in favor of Capitol. The treaty makes no mention of a right of action by a shareholder as such.

EMI asserts that the demands for information made by the Franchise Tax Board support standing. To show that such demands were made, EMI relies primarily on a letter received from the Board stating

---

*Capitol Industries-EMI, Inc. v. Bennett,* 681 F.2d 1107, 1111 n. 8 (9th Cir.1982).

what information it needed. EMI claims that the Board does not have jurisdiction over it and that under United Kingdom law it cannot supply the information.

It must be noted at the outset that the demands for information would not necessarily support standing to challenge the tax assessed against Capitol, but perhaps only a more limited standing to challenge the Board's right to obtain information from EMI. Further, the Court of Appeals determined that the demands for information were addressed to Capitol, not EMI. *Capitol Industries-EMI, Inc. v. Bennett,* 681 F.2d at 1119 n. 30. The record on appeal contained essentially the same information EMI now relies on.[2] Affidavits before the Court of Appeals discussed the information requests allegedly made of EMI and the specific letter EMI relies on here. EMI may not continue to make the same assertions on the same evidence. Therefore, the alleged information demands do not support standing.

In sum, neither EMI's status as controlling shareholder of Capitol nor the United States-United Kingdom Income Tax Convention confer standing to challenge the tax assessed against Capitol. The asserted demands for information also do not support standing, even for more limited claims. Therefore, this court lacks subject matter jurisdiction.

In accordance with the foregoing, it is hereby ordered that defendants' motion to dismiss for lack of subject matter jurisdiction is granted.

---

**2.** On a motion to dismiss for lack of subject matter jurisdiction it is proper to look to matters outside the pleadings. *Id.* at 1118 n. 29.