THE STATE OF UTAH, Respondent, v. E. E. CAMPBELL, Appellant.

No. 1440.    (71 Pac. 529.)

1. **Homicide: Exceptions: Sufficiency.**

Exceptions to the instructions of the court sufficient to raise any question on appeal must specifically point out to the court the matter objected to before the retiring of the jury.

2. **Same: Instructions: Abandonment of Assignments of Error.**

Assignments relating to the refusal of the court to give requested instructions which are not discussed on appeal are regarded as abandoned.

3. **Same: Evidence Stated and Held Admissible to Show Motive.**

On a prosecution for homicide, testimony of defendant as to the information he had received, prior to the homicide, regarding the sheep of a third person, which had trespassed on his lands, and the killing of one of which it was claimed caused the trouble, ending in the homicide, between defendant on the one side and the deceased and the third person on the other, was admissible on the question of the motive with which defendant did the acts leading to the homicide.

4. **Same: New Trial: Newly-Discovered Evidence.**

Where, on a prosecution for homicide, defendant admitted the killing, but pleaded self-defense, and the testimony of defendant and

another, the only witnesses to the occurrence, was in sharp conflict, the refusal to grant a motion for a new trial, supported by affidavits showing newly-discovered evidence which could not with reasonable diligence have been discovered before the trial, and which strongly tended to corroborate defendant, was erroneous.

(Decided February 16, 1903.)

Appeal from the Seventh District Court, Grand County.— *Hon. Jacob Johnson,* Judge.

The defendant was prosecuted for murder and convicted of voluntary manslaughter. He was sentenced to imprisonment in the penitentiary and appealed.

REVERSED.

*M. M. Warner, Esq.,* and *D. D. Houtz, Esq.,* for the appellant.

*Hon. M. A. Breeden,* Attorney-General, and *Hon W. R. White,* Deputy Attorney-General, for the State.

BARTCH, J.—The defendant was prosecuted for murder and convicted of voluntary manslaughter. Thereupon, after overruling a motion for a new trial, the court sentenced him to imprisonment in the penitentiary for a term of six years, and this appeal is from the judgment.

The appellant insists that the court erred in its instructions to the jury, and his counsel have consumed the most of their brief in a discussion of such errors, and yet, at the time of the delivery of the charge not a single exception thereto was taken which presents a question for review on appeal. That certain portions of the charge are manifestly erroneous must be conceded, and why counsel persist in taking merely wholesale exceptions in such cases, when we have repeatedly held that we can not and will not consider them, it

is difficult to understand. The reasons why the specific objectionable matter should be pointed out to the court before the retiring of the jury are so patent, and have been so often mentioned, that we do not deem it necessary again to refer to them. In accordance with the settled rule within this jurisdiction, we must refuse to consider any of the assignments of error relating to the charge; and, as counsel failed to discuss any of their assignments relating to the refusal of the court to charge as requested by the defendant, we must regard them as abandoned, although some of the requests stated the law correctly and were applicable to the facts in evidence.

The appellant further insists that the court erred in refusing to permit the defendant, testifying in his own behalf, to state what information he had received, prior to the homicide, regarding certain sheep belonging to one Simons, which had trespassed upon his premises, and the killing of one of which, it was claimed, caused the trouble between the prisoner on one side and Simons and the deceased on the other, and which ended in the homicide. The evidence was offered to show the motive which prompted the prisoner's acts prior to the fatal quarrel and to negative malice. We are of the opinion that, as the killing of the sheep was one of the principal acts which led to the homicide, this evidence was admissible. The prisoner had a right to show that the act was not done with a criminal intent. The exclusion of any evidence which tended to show the motive with which the prisoner did the acts which led to or resulted in the homicide was prejudicial to his rights. He had a right to state what his motives and intentions were, and it was then the province of the jury to determine what weight, if any, should be given to his testimony. Whart. Crim. Ev. (9 Ed.), sec. 431.

It is also contended that the court erred in overruling the motion for a new trial, and we think the contention is well

founded.   The prosecution had charged the defendant with deliberate, premeditated murder; and the accused, while admitting the killing, claimed that it was done in self-defense.   The defendant and the witness Simons were the only witnesses who saw the fatal occurrence.   Simons testified, in effect, that the defendant shot and killed the deceased without cause or excuse, and not in self-defense.   The defendant testified, in effect, that the witness Simons was threatening to assault him; that while he was advancing upon the accused, and in the act of striking him, the deceased quietly approached the accused from behind, and struck him on the back of the head with an ax handle, knocking him down, and momentarily rendering him unconscious; that, rising to his knees almost immediately after having been struck, he saw his assailants running toward a rifle which lay upon the ground near by, and which belonged to the witness Simons, and saw them stooping to get the gun, and that he then believed they were going to kill him, and, so believing, fired the fatal shot at the person who was in the act of getting the gun, to save his own life. An examination of the testimony of the witness Simons and of the accused shows a sharp conflict, and that the statements of one or the other on material points are untrue.   The motion for a new trial was supported by affidavits showing newly-discovered evidence, which could not with reasonable diligence have been discovered and produced at the trial, and which is of such a character as to strongly tend to corroborate the testimony of the defendant.   It is therefore material.   The motion ought to have been sustained, and the defendant given an opportunity to produce the evidence referred to in the affidavits.

The case must be reversed, and the cause remanded, with directions to the court below to grant a new trial.   It is so ordered.

BASKIN, C. J., and McCARTY, J., concur.