# STATE v. OVERSON.

No. 3375.   Decided November 10, 1919.   (185 Pac. 364.)

1. CRIMINAL LAW—PRELIMINARY EXAMINATION MAY BE WAIVED BY ACCUSED ALONE. A preliminary examination is a substantial right of one accused of a felony, and when he waives that right it must be of his own choice, not because an arresting officer insists upon the waiver. (Page 232.)

2. CRIMINAL LAW—RECORD NOT SHOWING EVIDENCE, OVERRULING OF MOTION TO QUASH SUSTAINED. Where bill of exceptions shows that hearing was had on motion to quash information, and that the court heard evidence which the records fails to show, the presumption is that evidence was sufficient to justify trial court in overruling motion. (Page 232.)

3. INDICTMENT AND INFORMATION—EFFECT OF WITHDRAWING REASONS FOR NOT FILING INFORMATION. Though, after transcript was transmitted to district court, district attorney filed a "statement of reasons in law for not filing information," where statement was withdrawn by permission of court, which immediately ordered district attorney to file an information, court properly refused to quash information on ground that district attorney "lost all further jurisdiction or right to proceed in the case unless ordered to do so by the court," under Comp. Laws 1917, section 8780. (Page 233.)

4. CRIMINAL LAW—HEARSAY EVIDENCE OF ADMISSION OF THIRD PERSON INADMISSIBLE. In prosecution for burglary, testimony of wife that her husband, who had been arrested on the same charge, tried, and discharged, stated that he got some of the property stolen at a named place when he was alone, was hearsay and inadmissible. (Page 234.)

5. CRIMINAL LAW—EXCLUDING TESTIMONY FOR WRONG REASON NOT ERROR. If the ruling of the court in excluding testimony was right for any reason, the court committed no error.[1] (Page 234.)

6. CRIMINAL LAW—DEFINITION OF REASONABLE DOUBT. In prosecution for burglary, instruction defining reasonable doubt as "a doubt for which you can give a reason," while not commended, held not prejudicial error. (Page 234.)

7. CRIMINAL LAW—GENERAL EXCEPTION TO INSTRUCTION INSUFFICIENT. A general exception to an instruction containing differ-

---

[1] *Holt* v. *Nielson et al.*, 37 Utah, 574, 109 Pac. 473.

Appeal from Fifth District.

ent propositions, six of which are correct statements of law, is not available on appeal.[2]    (Page 234.)

8. CRIMINAL LAW—GIVING INSTRUCTION NOT SUPPORTED BY EVIDENCE REVERSIBLE ERROR. Instruction, that, if possession of recently stolen property is accompanied with such evidence as the defendant's giving false, incredible, or contradictory accounts of the manner of acquiring it, his attempting to conceal it, or his being so near to the place where the property was stolen or the building entered as to create criminating circumstances against him, such and other like circumstances may create a presumption of guilt in possessor, requires reversal; there being no evidence to support the instruction. (Page 235.)

9. CRIMINAL LAW—INSTRUCTIONS, ASSUMING FACTS. Instructions which assume that there is evidence before the jury tending to prove material facts, when there is no such evidence, are improper.    (Page 235.)

10. CRIMINAL LAW—MISLEADING INSTRUCTION AS TO EVIDENCE. Whern evidence is referred to in an instruction, it should not be stated in a manner to mislead jurors or to cause confusion in their minds.    (Page 235.)

11. CRIMINAL LAW—INSTRUCTION OMITTING ESSENTIAL ELEMENT. Instruction as to possession of recently stolen property by defendant, prosecuted for burglary, *held* misleading, in that it omitted essential element that accused's presence at the place where the property was stolen or the burglary committed must have been at or near the time when the crime was committed.    (Page 235.)

12. CRIMINAL LAW—INSTRUCTIONS AS TO POSSESSION OF STOLEN GOODS. In instruction relative to possession of recently stolen property, the circumstances should have been submitted to jury without statement that they "may raise a presumption of guilt in the possessor."    (Page 235.)

Appeal from District Court of Millard County, Fifth District; *D. H. Morris*, Judge.

Junior Overson was convicted of burglary, and appeals.

REVERSED, and new trial granted.

[2] *State* v. *Riley*, 41 Utah, 225, 126 Pac. 294; *State* v. *Haworth*, 24 Utah, 398, 68 Pac. 155; *State* v. *King*, 24 Utah, 482, 68 Pac. 418, 91 Am. St. Rep. 808; *State* v. *Campbell*, 25 Utah, 342, 71 Pac. 529.

*J. H. McKnight,* of Nephi, and *R. B. Thurman* and *H. C. Allen,* both of Salt Lake City, for appellant.

*Dan B. Shields,* Atty. Gen., and *J. H. Wolfe, O. C. Dalby,* and *H. Van Dam, Jr.,* Asst. Attys. Gen., for the State.

WEBER, J.

Defendant was tried in the district court on the charge of burglary in the third degree, was found guilty by a jury, and appeals from the judgment of conviction.

It is claimed by defendant that the court erred in refusing to quash the information, because he was not given an opportunity to have a preliminary examination. The **1, 2** defendant filed his affidavit, and in it claimed that he never intended to waive a preliminary examination; that his request to be permitted to see an attorney was denied by the sheriff; and that the sheriff, without his consent, told the justice of the peace that the preliminary examination was waived, and the justice so ordered. A preliminary examination is a substantial right of one accused of a felony, and when he waives that right it must be of his own choice, not because an arresting officer insists upon the waiver. Had defendant's affidavit remained uncontradicted, it would have been error to overrule the motion to quash the information; but the bill of exceptions shows that a hearing was had upon the motion and that the court heard evidence. What that evidence was the record does not show. The presumption is that it was sufficient to justify the court in overruling the defendant's motion.

The transcript transmitted by the justice of the peace was filed in the district court August 20, 1917, and on September 4, 1917, the district attorney filed a ''statement of reasons in law for not filing information.'' It is argued by appellant's counsel that the district attorney ''lost all further jurisdiction or right to proceed in the case unless ordered to do so by the court,'' and they cite section 8780, Comp. Laws 1917 (section 4693, Comp. Laws 1907), which provides:

Appeal from Fifth District.

"If the district attorney determines that an information ought not to be filed in any such case, he must make, subscribe, and file with the clerk of the district court of the county a statement in writing setting forth his reasons in fact and in law for not filing such information, and such statement must be filed during the term of court at which the defendant is held to appear for trial. The court must thereupon examine such statement, together with the evidence filed in the case, and if, upon such examination, the court is not satisfied with such statement, the district attorney must be directed and required by the court to file the proper information and bring the case to trial. But if the court does not require that information to be filed, and the defendant is not held or wanted to answer for any other public offense, he shall be discharged, his bail exonerated, and his money refunded to him."

The record discloses that the district attorney's "statement" was withdrawn by permission of the court October 2, 1917, and that immediately thereafter, on the same day, the district attorney was ordered by the court to file an information in the case. The information was then filed. No necessity existed for withdrawing the statement filed by the district attorney, nor could such withdrawal in any possible manner result in prejudice to the defendant. When the court ordered the information to be filed, and the order was obeyed by the district attorney, it was a full compliance with the requirements of the statute. We find neither error nor irregularity in the court's refusal to sustain the motion to quash the information.

The defendant called Mrs. Frank Slaughter as a witness, and after she had testified that her husband brought home some of the property alleged to have been stolen by defendant, she was interrogated as to statements then made by her husband, who had been arrested on the same charge on which defendant was being tried, and had been discharged. The defense sought to prove by the witness that she had been told by her husband "where he got the stuff; that he stated to her that he was alone when he got it, and where he got it." The question was objected to by the state as calling for hearsay testimony. The objection was overruled, whereupon the district attorney made the further objection that the proposed testimony should be excluded because "a wife should not be

allowed to testify against her husband.'' The court there-
upon sustained the objection on the ground that what
was said by her husband to the witness was a privileged          4, 5
communication. If defendant could prove by compe-
tent evidence that some other person committed the crime
with which defendant was charged it would be a good de-
fense; but testimony that some third party admitted to the
witness, or declared in her presence, that he, and not the de-
fendant, committed the crime, would be hearsay, and would
be incompetent and inadmissible. Wharton, Crim. Ev. (10th
Ed.) section 225. The proposed testimony was properly ex-
cluded—not on the ground that it was a privileged commu-
nication, but because it was hearsay. ''If the ruling was right
for any reason, the court committed no error.'' *Holt* v. *Niel-
son et al.*, 37 Utah, 574, 109 Pac. 473.

Objection is made that the trial court, in its instruction
defining reasonable doubt, used the words ''a doubt
for which you can give a reason.'' The statement has          6
been approved by some courts, criticized by others, and
by many has been held to be prejudicial error when used in
a charge to a jury. 2 Brickwood, Sackett's Instructions,
sections 2652-2673; 3 Brickwood, sections 4430-4435. See, al-
so, *Abbott* v. *Territory*, 20 Okl. 119, 94 Pac. 179, 16 L. R. A.
(N. S.) 260 and notes, 129 Am. St. Rep. 818.

In the present case exception was not taken to the particu-
lar words above quoted. The exception was general,
and to an instruction that contained different propo-          7
sitions, including six which were correct statements of
law. That an exception must specifically point out to the
court the matter objected to, in order to be of avail on ap-
peal, has been repeatedly held by this court. *State* v. *Riley*,
41 Utah, 225, 126 Pac. 294; *State* v. *Haworth*, 24 Utah, 398,
68 Pac. 155; *State* v. *King*, 24 Utah, 482, 68 Pac. 418, 91 Am.
St. Rep. 808; *State* v. *Campbell*, 25 Utah, 342, 71 Pac. 529.
Had the exception been properly taken, we still would not
hold that the words complained of in defendant's brief would
be prejudicial error in this particular instance, though we
do not commend the words ''for which you can give a reason''

as being enlightening to the jury or in any way desirable or useful in an instruction defining reasonable doubt.

In an instruction in which the court declared possession of recently, stolen property not of itself sufficient for conviction of defendant, the court informed the jury:

"But if such possession is accompanied with such evidence as the defendant giving false, incredible, or contradictory accounts of the manner of acquiring it, his attempting to conceal it, or his being so near to the place where the property was stolen or the building entered as to create criminating circumstances against him, such and other like circumstances, when shown in connection with the possession, the larceny or house breaking, may raise a presumption of guilt in the possessor."

Instructions should be applicable to the evidence, and instructions which assume that there is evidence before the jury tending to prove material facts, when there is no such evidence, are improper, and have generally been held to be prejudicially erroneous. When evidence is referred to in an instruction, it should not be stated in a manner to mislead jurors or to cause confusion in their minds. In the above instruction the reference to "false, incredible, or contradictory statements of the manner of acquiring it" could not have been helpful to the jury, and may have been misleading and confusing because there was no evidence whatever of "contradictory" statements by defendant. The only statements by defendant referring to the manner in which he had acquired the property alleged to have been stolen were that he had bought the articles at a bargain from a person who was leaving or moving, and when the prosecuting witness identified certain articles as being his property he was called a liar by the defendant. Nor was there any reason or justification for referring to defendant's attempting to conceal the stolen property. We have examined the transcript with care, and find no testimony tending to prove concealment by defendant of the stolen property found in his possession.

The record is also devoid of any testimony tending to prove that defendant was "so near to the place where the property was stolen or the building entered as to create

a criminating circumstance against him." The sentence last quoted is not only without basis in the evidence; it is misleading, in that it omits the essential element that, in order to be a circumstance for consideration by the jury, his being at the place where the property was stolen or burglary was committed must have been at or near the time when the crime was committed, not at some time so remote that it could not possibly have any bearing upon his guilt or innocence. Assuming that the statements in the instruction were based on evidence, the circumstances should have been submitted to the jury without the statement that they "may raise a presumption of guilt in the possessor." *Barrow* v. *Territory,* 13 Ariz. 302, 114 Pac. 976; *Smith* v. *State,* 58 Ind. 340; 2 Am. C. R. 375; *State* v. *Hodge,* 50 N. H. 510.

Were the evidence of guilt in this case so clear that no other verdict than that of guilty could have been found in reason, we might possibly consider the instruction referred to as being erroneous, without being prejudicial to the defendant; but a careful consideration of all the evidence disclosed by the record convinces us that the instruction given was prejudicial to defendant, and that it probably prevented the jury from giving the evidence that fair and impartial consideration to which the accused was entitled.

The judgment is reversed and defendant granted a new trial.

CORFMAN, C. J., and FRICK, GIDEON, and THURMAN, JJ., concur.