453 P.2d 155

Harold MEMMOTT, Plaintiff and Respondent,

v.

UNITED STATES FUEL COMPANY, a corporation, Defendant and Appellant.

No. 11392.

Supreme Court of Utah.

April 8, 1969.

10. Sec. 76-1-44, U.C.A.1953.

Paul B. Cannon, of Cannon, Greene, Nebeker & Horsley, Salt Lake City, for appellant.

Therald N. Jensen, Price, for respondent.

ELLETT, Justice.

The United States Fuel Company operates a coal mine and in connection therewith has a tipple where coal from overhead bins is loaded into railroad coal cars and also into motor trucks. It also maintains a stockpile of coal northeast of the tipple where trucks may also obtain coal. There is a service road running from the mine office to the north across some railroad tracks and then easterly between the stockpile of coal and the tipple. Trucks using this road would enter the tipple from the east. The tracks over which the service road passes branch into six tracks so as to serve the loading bays underneath the overhead bins.

The fuel company has permitted and at times directed truckers to enter the tipple from the west by driving their vehicles down a set of railroad tracks into a designated loading bay. In between the var-

ious tracks are obstructions such as switch stands, switches, a small shed, and a cement anchor. This anchor is located between the tracks designated as Nos. 4 and 5 and is some 18 inches in height. It is used to hold railroad cars in place by means of a cable attached to the car and to the anchor. There is nothing about the switch yard which is not essential to the business of the fuel company

Although the plaintiff is a long-time victim of multiple sclerosis, he was able to drive and manage a large ten-wheel truck in his business of hauling coal. On December 31, 1964, he drove his truck into the cement anchor and sued the fuel company for damages to his truck and injuries to his person. The jury awarded him a verdict, and this appeal was taken from that verdict.

█ There is only one assignment of error worth discussing, and that is the question of whether the defendant was negligent in any particular which proximately contributed to cause the plaintiff's damages. There is a claim by the defendant that error was committed by the trial court in refusing to give certain requested instructions. However, no

reasons were stated in the exceptions as to why the failure to give the instructions was error, and so we do not notice that assignment. See State v. Campbell, 25 Utah 342, 71 P. 529 (1903); see also Rule 51, U.R.C.P.

There is no question but that on December 28, 1964, just three days prior to the accident, the tipple foreman directed the plaintiff to go along track 4 to get under the tipple for his load. There is a dispute as to the amount of snow upon and about the tracks to the west of the tipple on both the 28th and the 31st of December, 1964. There is also a dispute as to what directions were given to plaintiff on the 31st as to how he should enter the tipple.

█ Since the jury found for the plaintiff, we must review the evidence in the light most favorable to sustain the verdict. Therefore, we will assume the facts to be as the plaintiff and his son, who was with him, stated them to be which are as follows:

On the date of the accident there was a regular blizzard in progress with snow lying on the ground up to one's knees.[1]

1. Contradictory evidence on behalf of the defendant was as follows: The defendant maintains a daily log of weather and temperature at its tipple, and its records showed that 18 inches of snow fell on December 28, 1964, and that it was clear thereafter. The Department of Commerce of the United States Government also maintains a weather station in that vicinity, and its records show that there was no precipitation after December 28, 1964. The wife of plaintiff took a picture of the anchor in question on January 1, 1965, and this picture clearly reveals the tracks of the plaintiff's truck leading up to the anchor.

Neither the truck road nor any of the tracks was cleared of snow. The plaintiff was told at the mine house by the tipple foreman to go down and get under the tipple, with no specific directions as to how he should do it.

When the plaintiff's truck was about a half block away from the railroad track, he noticed that some train cars were blocking the road, and when he attempted to stop the truck, he began to slide off the road. To avoid running into the train cars, he gunned the motor and turned to his right into the knee-deep snow covering the yard on the west side of the tipple. Since he had driven down track No. 4 when he got his prior load, he decided to drive along track 4 this time; but as he was slipping and circling and zigzagging all over the yard and could not see the tracks underneath him, he did not know which track he was upon. In attempting to go into bay No. 4, he ran into the cement anchor and sustained his damages.

In his original complaint he alleged that the employees of the defendant directed him with respect to the road he was to travel and that in the path so designated for him there was a large solid post obscured by snow and unknown to him but well known to the defendant. At the beginning of the trial he filed an amended complaint in which in substance he stated that the defendant instructed him to "go down and get his truck under the tipple" and that the plaintiff followed the only reasonable route which was apparent to him to get there; that there was a cement anchor obscured by snow unknown to plaintiff but known to defendant; that defendant failed to exercise reasonable care to keep its premises in a condition reasonably safe for the entry of plaintiff and particularly was it negligent in failing to clear the route of snow, and in failing to place a warning flag on the anchor.

The evidence of the plaintiff conclusively shows that plaintiff's truck was out of control and could not be stopped without colliding with the cars upon the track, and that in circling and zigzagging upon the defendant's railroad tracks while trying to control the truck so as to be able to enter into bay No. 4, the plaintiff hit the cement anchor.

The defendant could not be expected to foresee that the plaintiff would depart from the truck road to circle and zigzag over and about its railroad tracks. It owed him no duty to clear its yards of snow or to place a flag upon its switches, switch stands, or anchor while a snowstorm was raging, or at all. The evidence fails to show any negligence on the part of defendant or that anything other than the manner in which the plaintiff drove his truck was a proximate cause of plaintiff's damages.

The judgment of the trial court is reversed with directions to dismiss plain-

tiff's complaint with prejudice. No costs are awarded.

CALLISTER and HENRIOD, JJ., concur.

TUCKETT, Justice (dissenting).

I dissent. In the trial below the matter having been submitted to the jury upon conflicting evidence and the jury having found in favor of the plaintiff, I am of the opinion that the verdict should stand.

It is conceded that the plaintiff was a business visitor upon the premises of the defendant, he having gone there to purchase a truckload of coal. The defendant was under a duty to not only refrain from any acts of negligence which might endanger the plaintiff, but also to keep its premises in a reasonably safe condition.

The trial judge submitted two grounds of negligence on the part of the defendant to the jury, namely, whether the defendant was negligent in failing to clear the snow from the anchor or to give warning of its presence; and whether the defendant failed to direct the plaintiff on a course which could be traveled with reasonable safety.

The trial court also submitted to the jury the issue of whether or not the plaintiff was guilty of contributory negligence in the operation of his vehicle. The defendant did not object to the instructions as given by the court.

I am convinced from a review of the record that there was a genuine issue of fact to be determined by the jury, and the jury's determination should not be interfered with here. I would sustain the verdict and the decision of the court below.

CROCKETT, Chief Justice (dissenting).

I concur in the dissent of Justice Tuckett, adding: I take a somewhat different view of the facts, and of the law as it should be applied thereto, than as set forth in the main opinion. To avoid repetition I refer to my views on the importance of respecting the right of trial by jury where a wise, experienced and judicious trial judge, from his advantaged position, has believed that the evidence warranted the submission of the issues to the jury, and a jury has found its verdict, as set forth in my dissent in Roylance v. Davies, 18 Utah 2d 395, 424 P.2d 142.