19044

Eloise PHILLIPS, Respondent, v. K-MART, DIVISION OF
S. S. KRESGE COMPANY, Appellant

(173 S. E. (2d) 916)

151

*Messrs. Fulmer, Berry & Alford,* of Columbia, *for Appellant,*

*Messrs. Kneece & Kneece,* of Columbia, *for Respondent,*

April 22, 1970.

Bussey, Justice.

Plaintiff-respondent, Eloise Phillips, sought in this action to recover against the appellant, K-Mart, Division of S. S. Kresge Company, both actual and punitive damages for personal injuries allegedly sustained as a result of a fall in the appellant's store on Fort Jackson Boulevard, near Columbia, on March 17, 1967. Upon the trial, punitive damages were eliminated and the jury returned a verdict for actual damages in the amount of $3,450.00. Post verdict motion was made by the defendant for judgment *non obstante veredicto* or, in the alternative, for a new trial, and the appeal is from an order refusing such.

Since the judgment below will be reversed on a ground hereafter set forth and the case remanded for a new trial, we refrain from discussing the evidence in detail. The defendant contends that it was entitled to a directed verdict on the ground that there was no evidence from which a reasonable inference of negligence on its part could be drawn. There was evidence from witnesses for both parties to the effect that there was a write creamy substance on the floor of defendant's store at or near the point where the plaintiff fell. The evidence is conflicting as to the extent of the area covered by such substance. There is evidence to the effect that such substance caused the plaintiff to fall. Defendant's contention, however, is that there is no evidence from which it could be reasonably inferred that the defendant had either actual or constructive notice of the existence of the substance on the floor for a sufficient length of time to charge it with negligence in failing to more promptly and properly clean the floor. It is elementary that the evidence and all the inferences reasonably deducible therefrom have to be viewed in the light most favorable to the plaintiff and we are satisfied from a review of all the evidence that the trial judge properly submitted to the jury the issue of negligence on the part of the defendant.

Defendant next contends that the trial judge committed reversible error in allowing testimony on behalf of the plaintiff as to the apparent origin of alleged swirl marks in the foreign substance upon defendant's floor. In describing the substance which allegedly caused her fall, the plaintiff testified as follows:

"I could see marks around—it was thick enough that there were marks around, like swirl marks, like from maybe a mop or rag."

Objection to this line of testimony was overruled and the following questions were then asked and answered:

"Q. Go ahead, Mrs. Phillips.

"A. There were marks in a swirl movement; it was thick enough that you could see these marks in a swirl movement like a mop or rag or something.

"Q. Something had put marks down?

"A. Yes, something had gone around like this. (Witness indicating with her hands.)"

Mrs. Thomas, a witness for the plaintiff, in describing what she saw testified, over objection, as follows:

"A. Well, the floor, when I got down to pick her up, there were circular motions like someone had tried to clean it with a cloth or a mop; there were swirl marks in an area I would say that was about this size in the intersection." (Witness indicates with hands.)

At issue between the parties and bearing upon the question of actual or constructive notice, or the lack thereof, was the question of whether prior to the fall defendant had made an ineffective effort to clean the floor. Defendant now argues that the quoted testimony of plaintiff and her witness, Mrs. Thomas, contained an expression of their respective opinions as to the origin of the swirl marks in the foreign substance which they saw; that the origin of the swirl marks was an ultimate fact for the determination of the jury in its province and that any opinion thereabout by the witnesses should have been excluded. While the testimony complained

of to some extent partook of the nature of expressions of opinions by the witnesses, neither of them stated an opinion to the effect that the swirl marks were, in fact, made by either a rag or a mop. We view their testimony as merely describing the appearance of what they saw in terms quite familiar to housewives and readily understandable to the jury. Without some apt language descriptive of what they saw, it would have been difficult, if not impossible, for them to communicate to the jury anything like a clear picture of what they actually did see.

In the case of *Jones v. Fuller,* 19 S. C. 66 (1882), the court quoted with approval and applied the following language from 1 Wharton on Evidence, Sec. 511.

"Whenever a condition of things is such that it cannot be reproduced and made palpable in the concrete to the jury, or when language is not adequate to such realization, then a witness may describe it by its effect on his mind, even though such effect be opinion."

This court has consistently applied the foregoing rule in numerous cases. *Smith v. Smith,* 194 S. C. 247, 9 S. E. (2d) 584 (1940); *Hand v. Catawba Power Co.,* 90 S. C. 267, 73 S. E. 187 (1911); *Seibles v. Blackwell,* 1 McMul. 56 (1840); *Jones v. Fuller,* 19 S. C. 66, 70, 45 Am. Rep. 761 (1882); *Virginia-Carolina Chemical Co. v. Kirven,* 57 S. C. 445, 35 S. E. 745 (1900); *State v. James,* 31 S. C. 218, 9 S. E. 844 (1889); *State v. Davis,* 55 S. C. 339, 33 S. E. 449 (1899); *State v. Taylor,* 57 S. C. 483, 35 S. E. 729 (1900). Aside from the foregoing rule consistently followed by this court, it is elementary that the admission or exclusion of evidence is addressed largely to the sound discretion of the trial judge and the exercise of his discretion thereabout will not be disturbed in the absence of an abuse of such discretion amounting to manifest error of law. We conclude that there was no error or abuse of discretion on the part of the trial judge in admitting the evidence complained of.

The plaintiff is a married housewife with children and, as far as the record reflects, has no occupation other than housewife. In the course of her testimony she testified at one point that she had to have the help of a maid with her heavy housework for about eight months following her accident and, at another point, that she had hired a maid for about fifteen months after the accident. There was no evidence as to the days or hours worked by the maid and none whatever as to the expense of such. Prior to the charge of the trial judge, the defendant requested him to instruct the jury that a verdict for the plaintiff could not include as an element of damage any amount for hiring a maid because there was no testimony as to what she paid the maid and the jury would have to speculate as to the amount, if any. Although defendant made no mention thereof in support of the request, we add that no expense to the plaintiff of any kind was pled as an element of damage and there is a total absence of anything in the record to indicate that the plaintiff incurred any expense for maid service or otherwise which she, as opposed to her husband, was entitled to recover. In any event, the trial court agreed with counsel that the requested instruction was proper. Counsel for plaintiff did not disagree and stated,

"Your Honor, we just introduced it for the purpose of showing that she was having difficulty with her back."

Despite agreeing that the requested instruction was proper, his Honor neglected to so charge and at the conclusion of his charge, the omission was called to his attention, and the court, without explanation, merely said,

"I will note that and I will note that you made an exception to it, but I will refuse it."

Under the circumstances related, the defendant was clearly entitled to the requested charge. We have carefully reviewed the charge of the trial judge in its entirety and can find nothing therein which would tend to cure his erroneous and

prejudicial omission. On this ground the judgment below is reversed and the cause remanded for a new trial.

Reversed and remanded.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.