503 P.2d 444

**PEOPLES FINANCE & THRIFT CO., a Utah corporation, dba Peoples First Thrift, Plaintiff and Appellant,**

v.

**Scott E. LANDES and Gae Lynn Landes, Defendants and Respondents.**

**No. 12518.**

Supreme Court of Utah.

Nov. 16, 1972.

Clark W. Sessions, D. M. Draper, Salt Lake City, for plaintiff-appellant.

George B. Handy, Ogden, for defendants-respondents.

CROCKETT, Justice:

Plaintiff finance company, assignee of a contract for sale of some hairpieces and accoutrements for personal use, sued defendant buyers to recover $384.40 balance on the contract. From adverse findings and judgment plaintiff appeals.

On June 26, 1969, defendants signed the "Installment Sale and Security Agreement" with Daynor Hair Fashions and made the required small down payment. The plaintiff's evidence is that 15 days later, on

July 11, Daynor assigned the agreement to it, and that a payment book and notice advising of the assignment was mailed to the defendants. However, defendants' testimony was that they never received such a notice; and that on July 22 they returned all of the merchandise to Daynor, who accepted it and gave a receipt therefor.

No question is raised as to the matter of holder in due course of this contract as a negotiable instrument. Plaintiff's brief under the caption "Relief Sought On Appeal" states:

Appellant seeks to have the finding of the trial court that the defendants had no notice of the assignment set aside as a matter of law and judgment entered against the respondents.

The findings recite in pertinent part:

. . . that the Plaintiff has failed to prove by a preponderance of the evidence that Defendants had notice of an assignment.

And further:

That on the 22nd day of July, 1969, and prior to defendants being informed of or receiving any knowledge of the assignment aforesaid, defendants returned to said DAYNOR HAIR FASHIONS all of the items of property purchased by defendants from said DAYNOR HAIR FASHIONS and received a receipt therefor.

In support of its argument that the quoted findings should be vacated, appellant places emphasis on two aspects of the evidence. The first is that the defendants admitted receiving a payment book, which the plaintiff says was mailed with the notice of assignment. However, plaintiff's Exhibit B, which purports to be a copy of the notice of assignment sent to the defendants, states:

Enclosed is your coupon book showing the schedule of payments on the above purchase . . . .

(Incidentally, the document consists mostly of a solicitation that if they are in financial trouble they should come to plaintiff to assist them therein.) However, the blank space provided for filling in information as to "the above purchase" is not filled in. Accordingly, the trial court was correct in reciting in his findings that

Plaintiff's Exhibit B [the letter] makes no statement indicating that Plaintiff is the owner of the contract, and makes no demand upon Defendants for payment to the Plaintiff rather than Plaintiff's assignor.

The other aspect of the evidence upon which the plaintiff relies is that although the defendants state the merchandise was returned before they had notice of the assignment, the defendant Gac Landes admitted on cross-examination that on the day she returned it she did know of the

assignment. This is not necessarily in conflict with the finding of the trial court. Though the detail is not fully spelled out, the inference does not seem at all unreasonable that she learned of the fact of the assignment that same day, at the time of, or after she returned the merchandise and received a receipt from Daynor.

In connection with our consideration of appellant's argument insisting that the two aspects of the evidence just discussed mandate the vacation of the findings above quoted, there are some basic principles that it seems not to have been taken into account. The first is that the fact trier is not compelled to believe self-interested evidence unless he so desires;[1] the second is that we are obliged to assume that he believed those aspects of the evidence, and drew such inferences as fairly could be drawn therefrom, favorable to his findings and judgment;[2] and the third, that the burden of proof and of ultimate persuasion of all of the essentials of its cause of action was upon the plaintiff.[3]

There are other propositions of law which lend support to the determination made by the trial court: that the plaintiff should not recover. Absent any consideration relating to the plaintiff being an innocent purchaser for value (or holder in due course) under the Uniform Commercial Code, in becoming an assignee of this purchase contract, it acquired only whatever rights Daynor had against the obligors Landes and was subject to any defenses the latter possessed.[4] In this connection the Uniform Consumer Credit Code, Sec. 70B-2-404, U.C.A.1953, provides:

> Assignee subject to defenses.—With respect to a consumer credit sale, . . . an assignee of the rights of the seller or lessor is subject to all claims and defenses of the buyer or lessee against the seller or lessor arising out of the sale or lease notwithstanding an agreement to the contrary, . . .

Quite beyond what has been said above, it further appears that the assignment to the

1. Jensen v. Logan City, 96 Utah 522, 88 P.2d 459; In Re Richards' Estate, 5 Utah 2d 106, 297 P.2d 542.

2. Memmott v. United States Fuel Co., 22 Utah 2d 356, 453 P.2d 155; Bramel v. Utah State Road Commission, 24 Utah 2d 50, 465 P.2d 534.

3. That a plaintiff assigneee has the burden of proving that the obligor had notice of an assignment see Pillsbury Inv. Co. v. Otto, 242 Minn. 432, 65 N.W.2d 913 and authorities therein cited; see also

Lynch v. MacDonald, 12 Utah 2d 427, 367 P.2d 464; and further that if there is any reasonable basis in the evidence upon which the court acting fairly thereon could remain unconvinced, then this court would not command that such a finding be made, see Park v. Alta Ditch & Canal Co., 23 Utah 2d 86, 458 P.2d 625.

4. See Quality Finance Co. v. Hurley, 337 Mass. 150, 148 N.E.2d 385 at 388 and authorities therein cited.

plaintiff Peoples Finance is not complete and unequivocal. It is plainly stated to be an assignment with full recourse against its assignor Daynor.

Upon the basis of what we have stated herein we are not persuaded that the findings should be overturned nor the judgment reversed.

Affirmed. No costs awarded.

CALLISTER, C. J., and HENRIOD, TUCKETT and ELLETT, JJ., concur.