Dona R. BULLOCK, Plaintiff and Appellant,

v.

Herbert John UNGRICHT et al., Defendants and Respondents.

No. 13697.

Supreme Court of Utah.

July 17, 1975.

Orrin G. Hatch and Winston A. Langlois, Hatch & Plumb, Salt Lake City, for plaintiff and appellant.

J. Anthony Eyre, Kipp & Christian, Salt Lake City, for defendants and respondents.

CROCKETT, Justice:

Plaintiff Dona R. Bullock sued the defendants Ungricht for injuries she claims to have suffered when the defendants' automobile struck her automobile in the rear end when both cars were traveling eastward in the 1400 East block on 33rd South in Salt Lake City at about 9:30 p. m. on December 16, 1971. The court submitted both the issues of defendants' negligence and plaintiff's contributory negligence to a jury. It returned a verdict of no cause of action in favor of the defendants and against the plaintiff. After the denial of motions for judgment notwithstanding the verdict, and for a new trial, plaintiff took this appeal.

In preface to our analysis of the plaintiff's contentions we acknowledge our agreement that in most cases where one car "rear ends" another it accords with common sense and experience to believe that the following car has disregarded the duty to keep a lookout ahead and keep the car under control and is, therefore, at fault. But such a conclusion is not necessarily always correct. It may depend upon the particular circumstances. In order to make that determination it is our duty to review the evidence under the assumption that the jury believed those aspects of it which support their verdict.[1]

Both of these cars had been proceeding southward on Highland Drive approaching its intersection with 33rd South; and each made a left turn to go eastward on the latter street. After defendants made their lefthand turn onto 33rd South Street from Highland Drive they noticed that plaintiff's automobile appeared to be moving erratically in that it seemed to slow down and then accelerate. At this point the defendant driver Herbert Ungricht slowed his car to see what plaintiff's automobile was going to do. Defendants saw no cars in the westbound lanes to prevent plaintiff from making a lefthand turn, yet she brought her car to an abrupt stop, without giving any prior signal; and did not put on her left turn signal until she was stopping. Defendant driver says that he applied his brakes as soon as he saw the plaintiff stop, but was unable to avoid the accident.

This court has often affirmed the proposition that unless the facts relating to negligence and contributory negligence are so free from doubt that reasonable minds could not differ thereon a jury question exists; and that if there is doubt about the matter, it should be resolved in favor of according the parties the right of trial by jury of those disputed issues.[2] In harmony

1. Memmot v. U. S. Fuel, 22 Utah 2d 356, 453 P.2d 155; Woodhouse v. Johnson, 20 Utah 2d 210, 436 P.2d 442.

2. See e. g., Newton v. Oregon Shortline R. R. Co., 43 Utah 219, 134 P. 567; Jensen v. Taylor, 2 Utah 2d 196, 271 P.2d 838; Gibbs v. Blue Cab, 122 Utah 312, 249 P.2d 213.

with that rule, under the circumstances as described above, we are not persuaded to disagree with the judgment of the trial court that there was a basis in evidence upon which reasonable minds could find either way on the issues of defendant's negligence and plaintiff's contributory negligence and, therefore properly allowed the jury those issues to determine.

■ The point of more serious concern in this case is the plaintiff's contention that the trial court erred in allowing evidence that the plaintiff had been in bankruptcy and had unpaid judgments against her. Plaintiff urges that this evidence was incompetent to "impeach her credibility" and that it so prejudiced her with the jury that she did not have a fair trial. She cites cases and texts which support that general proposition.[3] We have no doubt that if the sole purpose of this evidence had been to "impeach her credibility" as the plaintiff contends, it would have been error to admit it. Evidence of mere misdoings or misconduct of the character here involved may not ordinarily be used to impeach the credibility of a witness.[4] This would be particularly true if its primary purpose and effect were to cast aspersions on the plaintiff and besmirch her character in the eyes of the jury.

The fallacy in the plaintiff's argument is her assumption that the evidence she complains about was offered as impeachment of her credibility. Through her own testimony, and that of other witnesses, the plaintiff had injected into the case the issue as to her earning capacity in support of and in enhancement of her claim for damages. When she did so the subject was opened to full inquiry and made relevant and competent any evidence to the contrary which would dispute or cast doubt on her claims.[5]

The reasoning and the justification for the admission of the evidence plaintiff complains about is well stated by the serious and careful consideration given to it by the trial judge in ruling on the objection:

It seems to me that when she [plaintiff] puts on witnesses who testify about her sales ability and the fact that she was going to be such a big success and make a thousand dollars a month income, the evidence or fact that she just nine months before, while operating a similar type of business activity, ended up in the Bankruptcy Court, I think is material and relevant which the jury could consider as rebutting her claims as to her earning ability.

And he further observed that he did not "agree with the contention that the probative value of this information about her bankruptcy is substantially outweighed by the risk there might be" of prejudicing the plaintiff as to other aspects of the case.

Rulings of this character on evidence which may have a dual effect: one of which, if considered separately, it may be deemed improper and incompetent; and another for which it would be proper and competent, are primarily the responsibility of the trial judge. When he weighs the matter and makes the determination, his rulings should be looked upon with indulgence and not disturbed unless it clearly appears that he erred in law or abused his discretion.[6]

---

3. See informative discussion by Justice Wolfe for this Court in *State v. Hougensen*, 91 Utah 351, 64 P.2d 229; *State of Utah v. Kazda*, 14 Utah 2d 266, 382 P.2d 407; *Packineau v. United States*, 202 F.2d 681.

4. See Rules of Evidence, Utah, Rule 22.

5. See 22 Am.Jur.2d, Damages, Secs. 315 & 317; 29 Am.Jur.2d, Evidence, Sec. 269.

6. See 1 Wigmore on Evidence, Sec. 16 (3d Ed.1940, Supp.1975); citing *Phillips v. K-Mart, Div. of S. S. Kresge Co.*, 254 S.C. 150, 173 S.E.2d 916 (1970); and see also *State v. Edwards*, 13 Utah 2d 51, 368 P.2d 464, where evidence that a witness (defendant's wife) had pleaded guilty to a charge of prostitution, which normally would have been error, was held to be proper because defend-

From what has been said herein, it is our conclusion that the plaintiff has had her entitlement under the law: the opportunity of presenting her claims to a jury, who have rendered their verdict; and the trial court has entered judgment thereon. There are sound and essential reasons why, when this has been accomplished, the administration of justice is best served by endowing the verdict and the judgment with the presumptions of verity and solidarity.

In order to justify upsetting them it would have to appear that there was error which is so substantial and prejudicial that the plaintiff was not accorded her entitlement to a fair trial.[7] No such circumstance has been shown to exist here.

Affirmed. Costs to defendants (respondents).

HENRIOD, C. J., and TUCKETT, ELLETT and MAUGHAN, JJ., concur.

---

ant had given evidence that his wife was a woman of good character.

7. See Rule 61, U.R.C.P.; *Tuttle v. Pac. Int. Exp.*, 121 Utah 420, 242 P.2d 764.