Richard B. OSBORN, Appellant
(Plaintiff),

v.

Clarice Lyle MANNING, Clarice Ann
Manning Starnes, Thomas Manning,
Appellees (Defendants).

No. 84–5.

Supreme Court of Wyoming.

Aug. 17, 1984.

Richard B. Osborn, pro se.

Donald L. Painter, Casper, for appellees.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

ROONEY, Chief Justice.

Appellant-plaintiff appeals from a judgment rendered against him after a trial to the court in an action seeking recovery from appellees-defendants of one-half of the cost of a partition fence and for damages occasioned by trespassing animals.

We affirm.

Section 11–28–106, W.S.1977, provides: "The owner of any lawful fence which is or becomes a partition fence separating the owner's land from that belonging to some other person may require the person to pay for one-half (½) of what it would or does actually cost to construct the partition fence. In case of refusal, the owner may maintain a civil action against the person refusing and is entitled to recover one-half (½) of what it would or did actually cost to construct that portion of the partition fence used by the person and costs of suit. The joint users of a partition fence shall contribute to the cost of maintenance in proportion to their respective interests and if either refuses to pay his share of the cost of maintenance, the other may recover maintenance costs in the manner provided for recovering the cost of construction."

A "lawful fence" is defined in § 11–28–102, W.S.1977, with specificity. For example, this section provides that one form of lawful fence is:

"A fence made of steel, concrete or sound wooden posts and three (3) spans of barbed wire not more than fifteen (15) inches or less than ten (10) inches apart, or two (2) spans of barbed wire with a wooden rail on top. Wooden posts shall be at least four (4) inches in diameter. Posts shall be set firmly in the ground at least twenty (20) inches deep, at no greater distance apart than twenty-two (22) feet between the posts or thirty-three (33) feet with at least two (2) iron or wooden stays between the posts. Stays shall be placed equal distance apart from themselves and the post on either side."

Appellant's pro se complaint was divided into six sections by that referred to as "claims for relief," but which were actually six types of alleged forms of damages, i.e., wages, materials, legal costs, property damage, etc. The basis for relief set forth therein from which the alleged damages arose was a refusal by appellees to share the cost of a partition fence and damages occasioned by trespassing animals. Appellant so recognizes these to be his claims in his pretrial memorandum.

Appellant filed a motion for summary judgment and two amended motions for summary judgment, attaching thereto a number of exhibits reflecting such items as costs of materials and labor for constructing a fence, indicating the location of the fence, and showing, through photographs, some grazing cattle and some wooden fence posts in place.

Appellee Thomas Manning also filed a motion for summary judgment supported by an affidavit setting forth the fact that the fence constructed by appellant was not a lawful fence in that the spacing of the wires was improper; contesting the claimed cost of construction in that the fence posts were salvaged material obtained without cost and by itemizing the going cost of labor and normal labor time incident to fence construction; denying any ownership interest by defendants Clarice Ann Manning Starnes and Thomas Manning in the property adjacent to that of appellant; and alleging the appellees have not run livestock on land adjacent to that of appellant for several years and, therefore, that appellees' livestock had not trespassed on appellant's property. Both motions for summary judgment were denied.

On October 7, 1983, appellant filed a "Motion to Vacate Order and Enter Summary Judgment" alleging that statements in the affidavit filed in support of appellees' motion for a summary judgment were hearsay, conclusions and perjured, and on November 2, 1983, he filed an "Amended Motion to Void Affidavit." On October 7, 1983, appellant filed a "Motion to Disqualify Judge" because "I feel that I cannot receive a fair hearing, and prefer that this action be assigned to another judge." The motions were heard before the start of the trial which was set for November 23, 1983, and they were denied.

At the trial, appellant presented testimony from one witness who had examined the fence and he testified himself. At the con-

clusion of appellant's case, appellees moved to dismiss the action pursuant to Rule 41(b)(1), W.R.C.P., on the grounds that, under the facts and the law, appellant had failed to show entitlement to relief. The motion was granted and the court ordered dismissal of the complaint and awarded judgment to appellees.

Appellant words the issues on appeal as follows:

"1. The compliance of the Appellee's affidavit in opposition to the Appellant's motion for summary judgment, in respect to Rule 56 W.R.C.P. When the affidavit contained untrue statements, opinions, beliefs, conclusions of law, hearsay and immaterial statements, denials and allegations, all without supporting evidence.

"2. The failure of the court to grant the Appellant a proper hearing on his motions, when such motions were a factual dispute on a material point of issue and reflected on the outcome of the action, which would have been summary judgment for the Appellant as a matter of law. Thus denying the Appellant due process of law and a fair trial.

"3. The Court's finding of a directed verdict for the Appellee, when such finding was unsupported, and contrary to the evidence introduced and statements of the witnesses in behalf of the Appellant."

## SUMMARY JUDGMENT

Appellant's attack on appellee's affidavit, which the court found sufficient to raise a question of material fact, is directed to the credibility of the affiant rather than whether or not the affidavit resulted in the existence of a question of material fact.

■ The purpose of a motion for summary judgment is not to decide facts but to determine if any real issue exists. *Timmons v. Reed*, Wyo., 569 P.2d 112 (1977); *Kimbley v. City of Green River*, Wyo., 642 P.2d 443 (1982). The motion should be granted only when there is no conflict as to the material facts. *McClure v. Watson*, Wyo., 490 P.2d 1059 (1971); *Kirby Build-*

*ing Systems, Inc. v. Independence Partnership No. One*, Wyo., 634 P.2d 342 (1981). A fact is material if proof of it would have the effect of establishing or refuting one of the essential elements of a claim for relief or a defense asserted by the parties. *Laird v. Laird*, Wyo., 597 P.2d 463 (1979); *Reno Livestock Corporation v. Sun Oil Company*, Wyo., 638 P.2d 147 (1981). The burden is on the movant to demonstrate clearly that there is no issue of material fact and that he is entitled to a judgment as a matter of law. *Gilliland v. Steinhoefel*, Wyo., 521 P.2d 1350 (1974); *Bancroft v. Jagusch*, Wyo., 611 P.2d 819 (1980).

■ A material fact in this case is whether or not the fence is a legal one. Appellant points to evidence that it was. The affidavit filed by appellee recites that the affiant observed it and that it is not a legal one. Another material fact is the cost of the fence. The affidavit filed by appellee sets forth costs in conflict with those set forth by appellant. With reference to the trespass, appellee's affidavit asserts that none of appellees' livestock were in a location from which they could trespass on appellant's premises—contrary to appellant's contention that there was such trespass.

The court must not attempt to decide factual issues at the summary judgment stage. It properly denied appellant's motion for a summary judgment.

## HEARING ON MOTIONS

■ Appellant does not argue that there was no hearing on his motions but that it was

"conducted in an improper manner, with the District Court Judge stating that it made no difference if the affidavit was made with untrue statements. * * * It is apparent from his statements, that he has forgotten about the law on perjury, or he is prejudiced against the Appellant."

Appellant's motions to "Vacate Order and Enter Summary Judgment," together

with the "Amended Motion to Void Affidavit" further evidence appellant's misconception of the purpose and procedure relative to summary judgments. The affidavit filed by appellee states that the fence was not a lawful one according to his inspection and that the trespassing livestock were not that of appellees. The affidavit filed by appellant recites just the opposite with reference to the fence and at least infers that the trespassing livestock were owned by appellees. Both affiants could have honest beliefs on these contentions. The court could not settle the differences at a hearing on the filed motions. The decision could come only at the trial.

■ Appellant's "Motion to Disqualify Judge" was not supported by an affidavit as required by Rule 40.1(b), W.R.C.P., and facts were not set forth to support a ground for disqualification.[1] Additionally, the issue relative to this motion was not argued on appeal, cogently or otherwise, and no authorities were presented in support thereof. We do not consider issues not supported by proper citation of authority and by cogent argument. *Barnette v. Doyle*, Wyo., 622 P.2d 1349 (1981); *Knadler v. Adams*, Wyo., 661 P.2d 1052 (1983).

The hearing conducted by the trial court on these motions and their denial were proper.

### DISMISSAL PURSUANT TO RULE 41(b)(1), W.R.C.P.

■ In reviewing the propriety of a dismissal of an action pursuant to Rule 41(b)(1), W.R.C.P.[2], the entire evidence must be viewed most favorably to the plaintiff, giving him the benefit of all reasonable inferences which may be deduced therefrom. *Shook v. Bell*, Wyo., 599 P.2d 1320 (1979); *Angus Hunt Ranch, Inc. v. Reb, Inc.*, Wyo., 577 P.2d 645 (1978). However, the plaintiff must have submitted *some* evidence on each of the essential ele-

ments of his action upon which to cast the favorable view. In other words, he must sustain his burden of proof. Appellant apparently does not understand this requirement. He states:

"* * * [I]t was the requirement of the Appellee to prove that it [the fence] did not meet with the requirements of the statute. * * *"

The burden of proof is on the party asserting the affirmative of any issue. *Morrison v. Reilly*, Wyo., 511 P.2d 970 (1973). Accordingly, the plaintiff has the burden of proof as to all of the elements of his claim. *Peoples Finance & Thrift Co. v. Landes*, 28 Utah 2d 392, 503 P.2d 444 (1972); *Board of County Commissioners of Marshall County v. Snellgrove*, Okl., 428 P.2d 272 (1967).

One of the necessary elements which appellant had to establish in support of his claim was the cost of constructing the fence. A judgment in appellant's favor for one-half of that cost could not be entered until such cost was placed in evidence. Appellant testified that he built the fence himself and that he worked on it during his spare time over a period of years; but there was no evidence whatsoever relative to the dollar cost of the fence, i.e., of the dollar value of the labor or the materials which resulted in the fence.

■ Appellees suggest that appellant may have had the mistaken assumption that the exhibits attached to previous motions were in evidence. There is nothing in the record to support this assumption, but in any event, we cannot react to such assumption in aid of appellant simply because of his pro se position. Appellant argues that:

"The court in the interest of fair determination of the merits should have asked such questions and have sugested [sic]

1. At the time there was no provision for peremptory challenge.

2. Rule 41(b)(1), W.R.C.P., provides in part:
"* * * After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant

* * * may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff * * *."

the production of such evidence as may be necessary to supplement or clarify the litigant's presentation of the case."

Such action would not be consistent with the impartial position required of all judges. A judge may call or interrogate witnesses, Rule 614, W.R.E., but he is not required to present or defend a case for a party. Although a litigant should not be punished for self-representation, it is not the function of the court to supervise him in the practice of law. A pro se litigant has no greater right than other litigants and must expect and receive the same treatment and consideration as if represented by an attorney. *Annis v. Beebe & Runyan Furniture Company*, Wyo., 685 P.2d 678 (1984); *Johnson v. Aetna Casualty and Surety Company of Hartford, Connecticut*, Wyo., 630 P.2d 514, appeal dismissed, cert. denied 454 U.S. 1118, 102 S.Ct. 961, 71 L.Ed.2d 105 (1981), reh. denied 455 U.S. 1039, 102 S.Ct. 1743, 72 L.Ed.2d 157 (1982); *Suchta v. O.K. Rubber Welders, Inc.*, Wyo., 386 P.2d 931 (1963).

To prevail, appellant had to present evidence that the fence, as constructed, was a legal fence. An exhibit did reflect (1) the nature of the posts (the wooden posts were construction timbers or standard posts four inches in diameter; the metal posts were standard metal posts; the corner posts consisted of water tanks set in concrete, a six-inch diameter oil well casing, a four-inch diameter pipe in concrete, and a twelve-inch diameter electric pole, and other corner posts from eight to twelve inches in diameter), and (2) the fact that the wire was two-point barbed, three strand, placed fifteen inches apart. There was no evidence as to the depth at which the posts were placed in the ground, the distance between the posts, or the existence or location of stays.

Appellant introduced some photographs of livestock into evidence and there was testimony that they were on his property, but the livestock were not identified in any fashion, and there was no evidence that appellees were the owners of such livestock. Appellant presented no other evidence relative to trespassing livestock. In fact, he presented no evidence as to the ownership of the property partitioned by the fence.

The trial court properly dismissed appellant's complaint and awarded judgment to appellees at the conclusion of appellant's case for failure of appellant to establish a prima facie case. *Angus Hunt Ranch, Inc. v. Reb, Inc.*, supra; *Fuller v. Fuller*, Wyo., 606 P.2d 306 (1980).

Affirmed.